**Ex parte Al OYEDO aka Eduardo Corredor.**

No. 14–96–00789–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 13, 1997.

David Cunningham, Houston, for appellant.

Calvin A. Hartman, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

YATES, Justice.

Al Oyedo aka Eduardo Corredor filed an application for writ of habeas corpus in the trial court requesting that his 1986 misdemeanor conviction for price tag switching be set aside. In the writ, Oyedo alleged he did not affirmatively waive his right to a jury trial when he pled no contest to the misdemeanor. The trial court denied his writ, and Oyedo now appeals the trial court's denial. Because we conclude Oyedo is not "confined," we dismiss his appeal for want of jurisdiction.

Oyedo filed his application for writ of habeas corpus in the trial court under the Code of Criminal Procedure. TEX.CODE CRIM.PROC. ANN. art. 11.01, 11.05, 11.09, 11.21 (Vernon 1977 & Supp.1997). He did not assert his right to habeas corpus relief under the Texas Constitution. In his writ, Oyedo claimed he did not waive his right to a jury. His writ indicates he "does not have a future sentence to serve." After a hearing, the trial court denied the writ, finding that Oyedo was advised by his counsel of his right to a jury trial and that his waiver was expressly stated in the judgment of his misdemeanor conviction.

Article 11.07 requires the court to determine if any "unresolved facts material to the legality of the applicant's confinement" exist before granting an order to hear the petition for habeas corpus. TEX.CODE CRIM.PROC. ANN. art. 11.07 § 3(c), (d) (Vernon Supp. 1997). Therefore, article 11.07 of the Code of Criminal Procedure applies only when the applicant for habeas corpus is "confined." TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon Supp.1997); *Rodriguez v. Court of Appeals,* 769 S.W.2d 554, 557 (Tex.Crim.App.1989); *Ex Parte Renier,* 734 S.W.2d 349, 351 (Tex. Crim.App.1987). *But see Ex Parte Hargett,* 819 S.W.2d 866, 867 (Tex.Crim.App.1991) ("Even though an applicant may not be confined, TEX.CONST., Art. V, § 8 provides an avenue by which collateral legal consequences of a conviction may be challenged.").

■ However, article 11.07 applies only "in a felony case." TEX.CODE CRIM.PROC.ANN. art. 11.07; *Ex Parte Renier,* 734 S.W.2d at 351. The underlying conviction here was a misdemeanor; therefore, article 11.09 applies instead. It states:

> If a person is *confined* on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.

TEX.CODE CRIM.PROC.ANN. art. 11.09 (Vernon 1977) (emphasis added). While the case law set out above has established confinement as a requirement for a writ brought pursuant to article 11.07, our research has not uncovered a comparable decision holding that article 11.09 requires the applicant to be "confined" before habeas relief may be granted. Nevertheless, a plain reading of the provision suggests that one must be "confined on a charge of misdemeanor" before an application for habeas corpus may be made. Thus, just as with 11.07, we hold an application for habeas corpus relief will not lie under article 11.09 unless the applicant is "confined" pursuant to a commitment for a misdemeanor conviction. *Cf. Ex Parte Renier,* 734 S.W.2d at 353.

■ Having determined that relief cannot be granted under article 11.09 unless Oyedo was confined, we conclude Oyedo was not confined. The Code of Criminal Procedure requires a petition for habeas corpus to substantially state that the party is illegally confined or restrained in his liberty. TEX. CODE CRIM.PROC.ANN. art. 11.14 § 3 (Vernon 1977). The Code defines "confined" as "the actual, corporeal and forcible detention of a person" as well as "any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." TEX.CODE CRIM.PROC.ANN. art. 11.21 (Vernon 1977); *see also Ex Parte Canada,* 754 S.W.2d 660, 663 (Tex.Crim.App. 1988). Oyedo does not state anywhere in his writ that he is confined. The conviction took place ten years ago, and the application itself states that Oyedo *does not* have a future sentence to serve. Thus, we must conclude Oyedo was not confined at the time he brought the writ. We dismiss this appeal for

want of jurisdiction without prejudice to an invocation of the original jurisdiction of the trial court. *See Ex Parte Renier,* 734 S.W.2d at 353.