Kambiz **DAHESH**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–00–00394–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 24, 2000.

Discretionary Review Refused Jan. 31, 2001.

---

Ned Gill, III, Houston, for appellant.

Alan Curry, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices HUDSON and WITTIG.

## O P I N I O N

J. HARVEY HUDSON, Justice.

Appellant, Kambiz Dahesh, appeals the trial court's decision to deny his application for a writ of habeas corpus. For reasons set out below, we dismiss this appeal for lack of jurisdiction.

## Background and Procedural History

In August of 1980, appellant was charged with the misdemeanor offense of theft. He entered a plea of *nolo contendere* and was sentenced to 90 days' confinement, probated for a period of 180 days, and a fine of $250. Appellant paid his fine and, in April of 1981, successfully completed his probation.

In February of 2000, appellant filed a postconviction petition for a writ of habeas corpus under Articles 11.05 and 11.09 of the Texas Code of Criminal Procedure, seeking to have his 1980 misdemeanor theft conviction set aside. In that application, appellant argued that the theft conviction was void because his plea of *nolo contendere* was entered in the absence of an express waiver of his right to a jury trial. Appellant testified at a hearing on his application that he was not told prior to entering his plea that he was entitled to a jury trial and so he did not "intelligently or knowingly" waive that right. Following that hearing, the trial court denied appellant's application for habeas relief without setting out the grounds for its ruling. This appeal followed.

## Habeas Corpus Jurisdiction

Appellant's postconviction application for habeas corpus relief is governed by Article 11.09 of the Texas Code of Criminal Procedure. That provision states as follows:

> If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.

Tex.Code Crim. Proc. Ann. art. 11.09 (Vernon 1977). Appeals from the denial of relief sought in misdemeanor postconviction writs of habeas corpus are properly directed to the intermediate courts of appeals. *See Ex parte Jordan,* 659 S.W.2d 827, 828 (Tex.Crim.App.1983). Here, we hold that appellant is not truly *"confined* on a charge of misdemeanor" so as to be entitled to habeas corpus relief under Article 11.09. Therefore, we are without jurisdiction to consider his appeal.

### Confinement

■ To be entitled to relief, a habeas corpus applicant must establish that he is either "confined" or "restrained" unlawfully at the time the writ application was filed. *See Rodriguez v. Court of Appeals,* 769 S.W.2d 554, 558 (Tex.Crim.App.1989). "Confinement" or "confined" refers "not only to the actual, corporeal and forcible detention of a person, but likewise to any coercive measures by threats, menaces or the fear of injury, whereby one person exercises a control over the person of an-

other, and detains him within certain limits." Tex.Code Crim. Proc. Ann. art. 11.21 (Vernon 1977). A person is "restrained" if he or she is under "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." Tex.Code Crim. Proc. Ann. art. 11.22.

■ In his application for habeas corpus relief, appellant alleges that he is "illegally confined and restrained in his liberty by virtue of the collateral consequences" of his theft conviction, which he claims is void. In that regard, appellant complains that he is so confined and restrained because he filed a petition for expunction of the theft conviction, but it was dismissed for failing to meet the statutory requirements governing that request for relief.[1]

There is currently a split of authority on whether an individual whose sentence has been discharged, but who later complains

---

1. Appellant's petition for expunction was evidently dismissed for failure to comply with the requirements found in Article 55.01 of the Texas Code of Criminal Procedure. Those requirements are as follows:

   (a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

   (1) the person is tried for the offense for which the person was arrested and is:

   (A) acquitted by the trial court; or

   (B) convicted and subsequently pardoned; or

   (2) each of the following conditions exist:

   (A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false infor-

   mation, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

   (B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

   (C) he has not been convicted of a felony in the five years preceding the date of the arrest.

   Tex.Code Crim. Proc. Ann. art. 55.01(a) (Vernon Supp.1999). As appellant concedes, the satisfactory fulfillment of conditions of probation and discharge of sentence, alone, is not sufficient to warrant an expunction. *See Harris County District Attorney's Office v. D.W.B.,* 860 S.W.2d 719, 722 (Tex.App.—Houston [1st Dist.] 1993, no writ) (noting that the merely completing the terms of deferred adjudication and obtaining a dismissal does not entitle a petitioner to expunction of criminal records).

his misdemeanor conviction was void, meets the definition of "confined" or "restrained" under the Texas habeas corpus statutes. In *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), a habeas corpus applicant alleged that, although he had served his sentence and paid his fine, he remained confined because he was denied entry into the military service as a result of his misdemeanor conviction. *See id.* The First Court of Appeals concluded that, under these facts, a void misdemeanor conviction constitutes "confinement" or "restraint" as defined by the habeas corpus statutes, and also constitutes a "collateral legal consequence" which would invoke an appellate court's writ power. *See id.*

By contrast, in *Ex parte Oyedo*, 939 S.W.2d 785, 786 (Tex.App.—Houston [14th Dist.] 1997, pet. ref'd), this court held that a habeas corpus applicant who acknowledged he had no future sentence to serve, and whose ten year-old misdemeanor "price-tag switching" conviction had been discharged, was not "confined" pursuant to a commitment for a misdemeanor conviction. *See id.* This court held that, in absence of such a showing, an application for habeas corpus relief will not lie under Article 11.09 of the Texas Code of Criminal Procedure. *See id.*

Notwithstanding the split of authority, the Texas Court of Criminal Appeals has held that allegations concerning a request for expunction, much like those urged by appellant, "patently reveal" that the applicant is neither confined nor restrained pursuant to any state action made the subject of his petition. *See Ex parte Paprskar*, 573 S.W.2d 525, 527 (Tex.Crim. App.1978), *overruled on other grounds*, *Weiner v. Dial*, 653 S.W.2d 786, 787 n. 1 (Tex.Crim.App.1983). Therefore, a complaint that an applicant's petition for expunction has been dismissed is not suffi-

cient to invoke this court's habeas corpus jurisdiction. *See id.* A review of appellant's habeas corpus petition clearly shows that his sentence was discharged nineteen years ago, and that he is neither confined nor restrained pursuant to any state action related to the misdemeanor conviction he seeks to set aside. *See id.* For this reason, appellant is not entitled to habeas corpus relief. *See id.; see also Oyedo*, 939 S.W.2d at 786.

Because we conclude that appellant was not confined or restrained in his liberty at the time he brought his application for habeas corpus relief, we dismiss this appeal for want of jurisdiction.