Affirmed and Memorandum Opinion filed October 11, 2005









 

Affirmed
and Memorandum Opinion filed October 11, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01098-CR

_______________

 

EX PARTE KEN R. SLUIS

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1256592

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

Appellant,
Ken R. Sluis, appeals from an order denying habeas corpus relief from his
conviction for misdemeanor assault.  In
three issues, appellant contends (1) this appeal should be abated to afford the
trial court clerk an opportunity to prepare and forward the entire transcript from
the misdemeanor assault trial to the court of appeals, (2) the county court
erred in denying habeas relief because appellant was denied his constitutional
right to a jury, and (3) the county court erred in denying habeas relief
because appellant was denied effective assistance of counsel.  We affirm.








I.  Background

Appellant
was charged with the misdemeanor offense of assault.  The trial court found appellant guilty and
assessed punishment at 60 days= confinement, probated for one year, and a $300 fine.  Appellant=s conviction was ultimately affirmed
on direct appeal.[1]

Appellant
subsequently filed an application for writ of habeas corpus, requesting that
his misdemeanor assault conviction be set aside on the grounds that (1) he was
deprived of his constitutional right to a jury at his misdemeanor assault
trial, and (2) he was denied effective assistance of counsel at his misdemeanor
assault trial.  Following a writ hearing,
the county court[2]
denied the relief requested, and appellant filed a timely notice of appeal. 

II.  Appellate Jurisdiction

As a
preliminary matter, we address the State=s argument that we should dismiss
this appeal for lack of jurisdiction. 
The State contends this court lacks jurisdiction because appellant is no
longer Aconfined@ or Arestrained in his liberty@ as required for habeas corpus relief
under Chapter 11 of the Texas Code of Criminal Procedure.








To be
entitled to relief, a habeas corpus applicant must establish that he was either
Aconfined@ or Arestrained@ unlawfully at the time the writ
application was filed.  See Rodriguez
v. Court of Appeals, 769 S.W.2d 554, 558 (Tex. Crim. App. 1989).  AConfinement@ or Aconfined@ refers Anot only to the actual, corporeal and
forcible detention of a person, but likewise to any coercive measures by
threats, menaces, or the fear of injury, whereby one person exercises a control
over the person of another, and detains him within certain limits.@ 
Tex. Code Crim. Proc. Ann.
Art. 11.21 (Vernon 2005).  A person
is  Arestrained@ if he is under Athe kind of control which one person
exercises over another, not to confine him within certain limits, but to
subject him to the general authority and power of the person claiming such
right.@ 
Tex. Code Crim. Proc. Ann. art.
11.22 (Vernon 2005).  The concepts of Aconfinement@ and Arestraint@ encompass incarceration, release on
bail or bond, release on probation or parole, or any other restraint on
personal liberty.  See Rodriguez,
769 S.W.2d at 558; Ex Parte Davis, 748 S.W.2d 555, 557 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d). 


The
record reflects that appellant=s one-year term of probation, if successfully completed,
ended on February 9, 2005.  The State
contends appellant is no longer Aconfined@ or Arestrained in his liberty,@ after successfully completing his
one-year term of  probation on February
9, 2005.  However, appellant was on
probation at the time he filed his writ in the county court; therefore, he was Arestrained in his liberty,@ sufficient to invoke the writ powers
of the county court.  When a county court
has jurisdiction to issue a writ of habeas corpus, the denial of relief may be
appealed.  See Ex Parte McCullough,
966 S.W.2d 529, 531 (Tex. Crim. App. 1998). 
Accordingly, we have jurisdiction to review denial of the requested
relief.[3]

III.  Abatement of Appeal

In his
first issue, appellant contends that this court should  abate this appeal in order to facilitate
supplementation of the appellate record. 
However, the district clerk has already supplemented the record.  Accordingly, we overrule appellant=s first issue as moot.








IV.  Habeas Corpus Relief

In his
second and third issues, appellant contends the county court erred in denying
his application for writ of habeas corpus because (1) he was denied the
constitutional right to a jury, and (2) he was denied effective assistance of
counsel. 

A.        Standard of Review

An
applicant for habeas corpus relief has the burden of proving his allegations by
a preponderance of the evidence.  Ex
Parte Peterson, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003).  In reviewing the trial court=s ruling on an application for writ
of habeas corpus, we view the facts in the light most favorable to the
ruling.  See id. at 819.  We afford almost total deference to the judge=s determination of historical facts
that are supported by the record, especially when the fact findings are based
on an evaluation of credibility and demeanor. 
Id.  We afford the same
amount of deference to the judge=s rulings on Aapplication of law to fact questions,@ if the resolution to those ultimate
questions turns on an evaluation of credibility and demeanor.  Id. 
However, if resolution of those ultimate questions turns on an
application of legal standards, we review the determination de novo.  Id. 


B.        Waiver of Jury Trial

In his
second issue, appellant contends that the county court erred in denying habeas
relief because appellant was deprived of his constitutional right to a jury at
his misdemeanor assault trial.  The State
responds that the issue of whether appellant waived his constitutional right to
a jury trial is governed by the Alaw of the case@ doctrine. 








Under
the Alaw of the case@ doctrine, once a question of law in
a particular case has been finally resolved, that question will not be
reconsidered in subsequent proceedings of the same case.  Ex Parte Schuessler, 846 S.W.2d 850, 852
n.7 (Tex. Crim. App. 1993).  The Alaw of the case@ is a court-made doctrine designed to
promote judicial consistency and efficiency by eliminating the need for
appellate courts to prepare opinions discussing previously resolved
matters.  Howlett v. State, 994
S.W.2d 663, 666 (Tex. Crim. App. 1999).

On
direct appeal from appellant=s conviction, the First Court of Appeals addressed appellant=s contention that the trial court
violated Article 1.13(a) of the Texas Code of Criminal Procedure.  Sluis, 2003 WL 124873, at *1.  Article 1.13(a) provides, in part, that the
defendant Ashall have the right, upon entering a
plea, to waive the right of trial by jury, conditioned, however, that such
waiver must be made in person by the defendant in writing in open court with
the consent and approval of the court, and the attorney representing the State.@ 
Tex. Code Crim. Proc. Ann.
Art. 1.13(a) (Vernon Supp. 2004B05).  The court held
that Article 1.13(a) had been violated, but determined appellant was not harmed
by the violation because Athe record reflect[ed] that he was aware of his right to a
jury trial and opted for bench trial.@ 
Sluis, 2003 WL 124873, at *1.  Although the First Court of Appeals did
observe that there was evidence in the record to reflect that appellant Aopted@ for a bench trial, the court did not
address the issue that is squarely presented to this court: whether appellant
proved by a preponderance of the evidence that he did not waive his
constitutional right to a jury trial. 
Therefore, we conclude that the issue before this court has not been
previously decided and the Alaw of the case@ doctrine is not applicable.  See Reed v. State, 112 S.W.3d 706, 710
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (declining to apply the Alaw of the case@ doctrine when the issue addressed in
a previous opinion was a Adifferent issue,@ and thus the issue before the court
had not been Apreviously resolved@). 
Accordingly, we will address the merits of appellant=s argument.








The
United States Constitution and the Texas Constitution guarantee an accused the
right to a jury trial.  U.s. Const. amend. VI; Tex. Const. art. I, ' 10.  The rule regarding waiver of the constitutional right to a
jury trial is that there must be an express waiver on the part of the
defendant.  Samudio v. State, 648
S.W.2d 312, 314 (Tex. Crim. App. 1983 ). 
To constitute an express waiver, there must be an Aintentional relinquishment or
abandonment of a known right or privilege.@ 
Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (en
banc), overruled on other grounds by Cain v. State, 947 S.W.2d
262 (Tex. Crim. App. 1997) (en banc).  A defendant=s mere acquiescence in proceeding to
trial without a jury does not constitute an express waiver.  See Ex Parte Lyles, 891 S.W.2d 960,
961 (Tex. Crim. App. 1995). 

The
record in this case does not contain a written waiver of a jury trial.  Further, the trial transcript is devoid of
any discussion between the trial court and appellant concerning his waiver of a
jury trial.  Nonetheless, the judgment of
conviction recites that appellant Awaived his right of trial by jury.@ 
The use of the term Awaive@ presumes knowledge because to Awaive@ a right one must do it knowinglyBwith knowledge of the relevant facts.
 Johnson v. State, 72 S.W.3d 346,
349 (Tex. Crim. App. 2002).  Furthermore,
Awaiver@ is defined as the Aact of waiving or intentionally
relinquishing or abandoning a known right, claim, or privilege.@ 
Id.  Absent direct proof to
the contrary, a recitation in the judgment that appellant waived his right to a
jury trial is binding.  Id.  Accordingly, we must determine whether direct
evidence was produced at the writ hearing which supports appellant=s contention that the statement in
the judgment is false.

The only
evidence from the writ hearing that directly contradicts the recitation in the
judgment is appellant=s own testimony that he did not waive his right to a jury
trial.  However, the testimony of a
defendant alone is insufficient to rebut the presumption of regularity in the
judgment.  See Reeves v. State,
500 S.W.2d 648, 649 (Tex. Crim. App. 1973).








Nevertheless,
appellant argues that he satisfied his burden to prove that he did not waive
his right to a jury trial.  Appellant
relies on Ex Parte Lyles, in which the Court of Criminal Appeals found
that the presumption of regularity in the judgment=s recital concerning jury waiver had
been overcome.  891 S.W.2d at 961.  In Lyles, the applicant for writ of
habeas corpus asserted that he was denied the right to a jury trial.  Id. 
The applicant submitted an affidavit averring that neither the trial
court nor counsel asked the applicant if he wanted to waive a jury trial.  Id. 
The applicant=s trial counsel also submitted an affidavit averring that
counsel told applicant they would try the case to the judge and that the
applicant  voiced no objection.  Id. 
Further, the trial court made findings of fact, including that there was
no written waiver in the record, there was no oral waiver in the statement of
facts, and the trial court did not expressly ask the applicant if he waived his
right to a jury trial.  Id.  Under these facts, the court concluded
that the applicant did not expressly waive, in any form to the trial court, his
right to a jury trial.  Id. at
962.

Similar
to Lyles, the record in this case does not contain a written waiver of a
jury trial, and the trial transcript is devoid of any discussion between the
trial court and appellant concerning waiver of a jury trial.  Further, like Lyles, there is evidence
in this case from trial counsel that appellant was not asked if he wanted to
waive his right to a jury trial. 
However, Lyles is distinguishable from the present case.  In Lyles, the trial court expressly
found that the trial court did not ask the applicant if he waived his right to
a jury trial.  Id. at 961.  This finding was critical to the court=s decision.  Without such an inquiry by the trial court,
there could be no express waiver of the right to a jury trial.  Conversely, there is no such finding in the
present case.  Moreover, the county court
in this case expressly found that appellant waived his right to a jury trial.

Accordingly,
we find that appellant has failed to overcome the presumption of regularity in
the judgment=s recital that he waived his right to
a jury trial.  We overrule appellant=s second issue.

C.        Assistance of Counsel








In his
third issue, appellant contends that the trial court erred by denying habeas
relief  because he was denied effective
assistance of counsel at his misdemeanor assault trial.  To prevail on a claim of ineffective
assistance of counsel, an appellant must show that (1) counsel=s representation fell below an
objective standard of reasonableness, and (2) a reasonable probability exists
that but for counsel=s unprofessional errors, the result of the proceeding would
have been different.  Strickland v.
Washington, 466 U.S. 668, 687, 694 (1984). 
A Areasonable probability@ is one sufficient to undermine
confidence in the outcome of the proceeding. 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In reviewing counsel=s performance, we must indulge a
strong presumption that counsel=s conduct falls within the wide range of reasonable
professional assistance.  Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  Allegations of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.

Appellant
contends that his trial counsel was ineffective because he failed to advise him
regarding his right to a jury trial.  In
trial counsel=s affidavit, he averred that he did
not Arecall@ discussing with appellant whether to
try the case to the court or to a jury. 
However, at the writ hearing, counsel definitively testified that he
never informed appellant that he had a right to a jury trial.  Counsel asserted that after he had Athought about it,@ he decided that he, in fact, did not
discuss with appellant his right to a jury trial.  However, the county court disbelieved counsel=s testimony, finding that A[i]t is not believable that a
competent, qualified attorney as [appellant=s trial counsel] is, would not
discuss [appellant=s] right to a jury trial . . . in the criminal court case.@

The
trial court, as the sole judge of the credibility of the witnesses and the
weight to be  given their testimony, may
choose to disbelieve the testimony of any witness, even when the testimony is
uncontroverted.  Peterson, 117 S.W.3d
at 819 n.68.  Therefore, the county court
acted within its discretion when it concluded that the testimony of appellant
and his trial counsel concerning appellant=s waiver of a jury trial, was not
credible.  Deferring to the county court=s finding that such testimony is not
credible, we determine that appellant has failed to demonstrate that counsel=s performance fell below an objective
standard of reasonableness.  Therefore,
appellant has failed to satisfy the first prong of Strickland.








Furthermore,
even assuming that trial counsel=s representation fell below an
objective standard of reasonableness, appellant has failed to satisfy the
second prong of Strickland.  To
satisfy the second prong of Strickland, an appellant must show a Areasonable probability@ exists that, but for the error, the
result of the trial would have been different. 
Thompson, 9 S.W.3d at 812. 
Here, as previously discussed, appellant has failed to overcome the
presumption of regularity in the judgment=s recital that appellant Awaived his right of trial by jury.@ 
Therefore, appellant has not established that counsel=s failure to consult with appellant
regarding his right to a jury trial deprived appellant of his constitutional
right to a jury trial.

The
judgment of the trial court is affirmed.

 

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed October 11, 2005.

Panel
consists of Justices Edelman, Seymore, and Guzman.  (Edelman, J., concurs in result only.)

 

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  In a published
opinion, the First Court of Appeals initially reversed appellant=s conviction.  Sluis
v. State, 11 S.W.3d 410 (Tex. App.CHouston
[1st Dist.] 2000).  However, the Court of
Criminal Appeals vacated the court of appeals=s
judgment and remanded the cause to the court of appeals.  On remand, the court of appeals affirmed
appellant=s conviction.  Sluis
v. State, No. 01-98-00359-CR, 2003 WL 124873 (Tex. App.CHouston [1st Dist.] November 19, 2003) (not designated
for publication).  





[2]  Although appellant
filed his application for writ of habeas corpus in Harris County Court at Law
No. 8, the trial court in appellant=s
misdemeanor assault case, the cause was transferred to Harris County Court at
Law No. 2.  Thus, we refer to Harris
County Court at Law No. 2 as the Acounty
court@ rather than the Atrial
court.@





[3]  To support its
contention that we do not have jurisdiction over this appeal, the State relies
on our opinion in Dahesh v. State. 
51 S.W.3d 300 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  However, Dahesh
is distinguishable because in that case the applicant for writ of habeas
corpus completed his probation and paid his fine nineteen years before filing
his application.  Id. at 300.