# NO. 12-09-00104-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE* |
| *EX PARTE:* | § | *COUNTY COURT AT LAW* |
| *BENNIE EARL ROBERT* | | |
| | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Bennie Earl Robert appeals from a trial court order denying relief on his application for writ of habeas corpus. Proceeding pro se, Appellant argues in three issues that his conviction for assault should be set aside because the trial court lacked jurisdiction and because there is no evidence to support his conviction. We affirm.

## BACKGROUND

Appellant pleaded no contest to a charge of assault with the agreement that the State would recommend that he be sentenced to seventy-five days in jail. The trial court accepted his plea, found him guilty, and followed the State's sentencing recommendation. Several months later, Appellant filed a writ of habeas corpus challenging his conviction. In his writ, Appellant argued that his conviction should be overturned because he was never arraigned, arrested, or fingerprinted for this offense. The trial court held a hearing and denied relief. This appeal followed.

## STANDARD OF REVIEW

Appeals from the denial of relief sought in misdemeanor postconviction writs of habeas

corpus are properly directed to the courts of appeals. *See **Ex parte Jordan***, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); ***Dahesh v. State***, 51 S.W.3d 300, 302 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd); *see also* TEX. R. APP. P. 31 (governing appeals from habeas corpus proceedings).

When reviewing a trial court's decision to grant or deny relief on a writ of habeas corpus, we afford almost total deference to a trial court's factual findings, especially when those findings are based upon credibility and demeanor. ***Ex parte White***, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). We afford the same amount of deference to the trial court's rulings on "applications of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See **Ex parte Martin***, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). We review wholly legal conclusions de novo. *See **Ex parte Peterson***, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds*, ***Ex parte Lewis***, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); ***Guzman v. State***, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## JURISDICTION

In his first and second issues, Appellant argues that his conviction is void because he was "never arrested, arraigned or immediately accused and taken in front of a magistrate and arraigned for bond and charged with the offense of Assault Bodily Injury Family Violence."

This case began when the police were called after Appellant assaulted his former girlfriend on or about September 3, 2007. Appellant had left the scene, and the police conducted an investigation. An investigator swore out a complaint on October 5, 2007, and the county attorney filed an information charging Appellant with assaulting a family member. It is not clear when or if Appellant was formally arrested on this charge. From his brief and pleadings, it appears that Appellant was in jail on another charge when he was informed of this charge.

The central thrust of Appellant's argument is that the trial court did not have jurisdiction because he had not been formally arrested or arraigned. However, all that is required to vest jurisdiction in a trial court in a criminal case is the filing of an accusatory instrument, either an indictment or an information. *See* TEX. CONST. art. V, § 12(b); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.20 (Vernon 2009) (defining an information as "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which

2

may by law be so prosecuted[]"); *Teal v. State*, 230 S.W.3d 172, 176 (Tex. Crim. App. 2007). Misdemeanor prosecutions may be commenced in the county court by information filed by the county attorney. TEX. CONST. art. V, § 17. Some defects in the charging instrument can be serious enough to deprive a trial court of jurisdiction. *See Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The information filed in this case alleges an offense, and Appellant does not argue that it is insufficient or defective. Therefore, because the proper accusatory instrument had been filed, the trial court had jurisdiction of this case when it heard Appellant's plea. Turning to Appellant's specific arguments, it does appear that Appellant was not formally arraigned. This is so because Appellant formally waived arraignment by way of a written document signed by him and his attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 26.011 (Vernon 2009).

Appellant has cited no authority to support his contention that a person must be arrested before he can be convicted. However, Appellant admits that he was in custody when he pleaded no contest, and an arrest is nothing more than a seizure of a person. *See* TEX. CODE CRIM. PROC. ANN. art. 15.22; *California v. Hodari D.*, 499 U.S. 621, 627, 111 S. Ct. 1547, 1551, 113 L. Ed. 2d 690 (1991); *see also Ragan v. State*, 642 S.W.2d 489, 491, n.4 (Tex. Crim. App. 1982) ("It is doubtful that Texas law recognizes such a thing as being placed under formal arrest."). Therefore, though we doubt it is required, Appellant was under "arrest" when he was taken before the trial court for his plea.

Finally, the requirement imposed by articles 14.06, 15.16, and 15.17 of the code of criminal procedure that an arrested person be taken before a magistrate after being arrested is not a prerequisite to a trial court's later having jurisdiction of the case. Instead, its purpose is to ensure that an accused person is promptly and fully informed of the accusation against him and to comply with the Fourth Amendment requirement that a probable cause determination be made for warrantless arrests. *See Sorto v. State*, 173 S.W.3d 469, 486 (Tex. Crim. App. 2005). The failure to take a person promptly before a magistrate may result in the exclusion of a confession that is causally connected to that failure, *see Boyd v. State*, 811 S.W.2d 105, 125 (Tex. Crim. App. 1991), but it has no impact on a trial court's jurisdiction.

The trial court properly rejected Appellant's jurisdictional arguments. The trial court's

jurisdiction depended on whether the appropriate accusatory instrument had been filed, not on whether Appellant was arrested, fingerprinted, or taken before a magistrate. The appropriate instrument had been filed, and so the trial court had jurisdiction. We overrule Appellant's first and second issues.

### SUFFICIENCY OF THE EVIDENCE

In his third issue, Appellant argues that there is no evidence to support his conviction. This is contradicted by the record. The judgment reflects that Appellant agreed to stipulate to evidence. The record contains State's exhibit 1, which is an offense report. The offense report provides a factual basis to support Appellant's plea. Even so, a trial court may find a person guilty in a misdemeanor proceeding upon his plea of guilty or no contest without evidence at all. *See* TEX. CODE CRIM. PROC. ANN. art. 27.14 (Vernon 2006) ("A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court."). Appellant acknowledged in his written plea agreement that he understood this.[1]

Therefore, the trial court properly denied relief. Either the stipulated evidence or Appellant's plea of no contest was sufficient to provide a factual basis to support the conviction. We overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's three issues, we ***affirm*** the judgment of the trial court.

    SAM GRIFFITH
Justice

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] At the hearing on his writ application, Appellant testified that he agreed with "the plea a hundred percent," and that he did not "have a problem with the plea bargain."

4