Opinion filed August 31,
2012

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00352-CR 

                                                    __________

 

                             RICHARD
NORMAN LONG, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                              On
Appeal from the County Court at Law No. 2

 

                                                             Ector
County, Texas

 

                                                Trial
Court Cause No. M-88-543-C 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Richard
Norman Long appeals from the trial court’s denial of his postconviction
application for writ of habeas corpus.  We affirm.

            In his
application, which was filed in 2011, appellant sought relief from his 1992
conviction in Cause No. M-88-543-C in the trial court for the misdemeanor
offense of driving while intoxicated.  Appellant was arrested for the offense
on February 27, 1988.  The arresting officer signed the complaint on March 1,
1988. The Ector County Attorney signed the information in connection with the
offense.  On November 19, 1992, appellant pleaded guilty to the offense.  On
the same date, the trial court convicted appellant of the offense and sentenced
him to confinement for a term of thirty days and a fine of $100.

            Appellant
contended in his application for writ of habeas corpus that the 1992 misdemeanor
conviction was void and unconstitutional because it was “acquired in violation
of the statute of limitations” and because it was “premised upon a
fundamentally defective charging instrument.”  The trial court denied
appellant’s application.

            In
his sole appellate issue, appellant contends that the information shows, on its
face, that prosecution for the offense was barred by the applicable two-year
statute of limitations at the time it was presented to the trial court and
that, therefore, the prosecution was based on a fundamentally defective
charging instrument.  Based on these contentions, appellant asserts that the
trial court erred by denying him habeas corpus relief.

Habeas
corpus is an extraordinary remedy that is available only when there is no other
adequate remedy at law.  Ex parte Cruzata, 220 S.W.3d 518, 520 (Tex.
Crim. App. 2007). Habeas corpus relief is reserved for instances in which there
is a jurisdictional defect in the trial court that renders the judgment void
and for instances involving denials of fundamental or constitutional rights.  Ex
parte Carmona, 185 S.W.3d 492, 494 (Tex. Crim. App. 2006).  If an
applicant’s claim fits within one of these categories, then his claim is
cognizable in postconviction habeas proceedings.  Id. at 494–95.                                       


Appeals
from the denial of relief sought in misdemeanor postconviction applications for
writs of habeas corpus are properly directed to the courts of appeals.  Ex parte
Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); Dahesh v. State,
51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  To
prevail on a postconviction application for writ of habeas corpus, the
applicant bears the burden of proving, by a preponderance of the evidence, the
facts that would entitle him to relief.  Ex parte Richardson, 70 S.W.3d
865, 870 (Tex. Crim. App. 2002).  In reviewing a trial court’s decision to
grant or deny habeas corpus relief, we view the facts in the light most
favorable to the trial court’s ruling and uphold that ruling absent an abuse of
discretion.  Ex parte Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App.
2006); Ex parte Ali, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet.
filed).    

              “An
indictment or information for any Class A or Class B misdemeanor may be
presented within two years from the date of the commission of the offense, and
not afterward.”  Tex. Code Crim. Proc. Ann.
art. 12.02 (West Supp. 2012).  “An information is considered as ‘presented,’
when it has been filed by the proper officer in the proper court.”  Id.
art. 12.07 (West 2005).  An information is regarded as having been presented to
the court when it is delivered to the county clerk’s office.  Todd v. State,
911 S.W.2d 807, 811 (Tex. App.—El Paso 1995, no pet.); Queen v. State,
701 S.W.2d 314, 315–16 (Tex. App.—Austin 1985, pet. ref’d).  

            Appellant
contends that the information shows, on its face, that it was not presented to
the trial court within the two-year limitations period and that, therefore,
prosecution for the offense was barred by the statute of limitations.  Appellant
also contends that the information was not presented to the trial court until November
19, 1992, the date that he pleaded guilty to the offense.  However, the record
shows that the information and complaint were file-marked by an Ector County deputy
clerk on March 4, 1988, which was only six days after appellant was arrested
for driving while intoxicated.  Thus, the evidence shows that the information
was presented to the trial court within the two-year limitations period.  Todd,
911 S.W.2d at 811; Queen, 710 S.W.2d at 315–16.  Accordingly,
prosecution for the offense was not barred by the statute of limitations.  The
State did not proceed to trial on a fundamentally defective charging
instrument.  Appellant has not shown that there was a jurisdictional defect in
the trial court that rendered the trial court’s judgment void.  Nor has he
shown that a denial of his fundamental or constitutional rights occurred. 
Therefore, we conclude that the trial court did not abuse its discretion by
denying appellant’s application for writ of habeas corpus.  Appellant’s issue
on appeal is overruled.

            The
order of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE               
 

August 31, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.