**Opinion filed August 31, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-11-00352-CR

_____

### RICHARD NORMAN LONG, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. M-88-543-C**

### M E M O R A N D U M   O P I N I O N

Richard Norman Long appeals from the trial court's denial of his postconviction application for writ of habeas corpus. We affirm.

In his application, which was filed in 2011, appellant sought relief from his 1992 conviction in Cause No. M-88-543-C in the trial court for the misdemeanor offense of driving while intoxicated. Appellant was arrested for the offense on February 27, 1988. The arresting officer signed the complaint on March 1, 1988. The Ector County Attorney signed the

information in connection with the offense. On November 19, 1992, appellant pleaded guilty to the offense. On the same date, the trial court convicted appellant of the offense and sentenced him to confinement for a term of thirty days and a fine of $100.

Appellant contended in his application for writ of habeas corpus that the 1992 misdemeanor conviction was void and unconstitutional because it was "acquired in violation of the statute of limitations" and because it was "premised upon a fundamentally defective charging instrument." The trial court denied appellant's application.

In his sole appellate issue, appellant contends that the information shows, on its face, that prosecution for the offense was barred by the applicable two-year statute of limitations at the time it was presented to the trial court and that, therefore, the prosecution was based on a fundamentally defective charging instrument. Based on these contentions, appellant asserts that the trial court erred by denying him habeas corpus relief.

Habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). Habeas corpus relief is reserved for instances in which there is a jurisdictional defect in the trial court that renders the judgment void and for instances involving denials of fundamental or constitutional rights. *Ex parte Carmona*, 185 S.W.3d 492, 494 (Tex. Crim. App. 2006). If an applicant's claim fits within one of these categories, then his claim is cognizable in postconviction habeas proceedings. *Id.* at 494–95.

Appeals from the denial of relief sought in misdemeanor postconviction applications for writs of habeas corpus are properly directed to the courts of appeals. *Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983); *Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). To prevail on a postconviction application for writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. filed).

"An indictment or information for any Class A or Class B misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."

TEX. CODE CRIM. PROC. ANN. art. 12.02 (West Supp. 2012). "An information is considered as 'presented,' when it has been filed by the proper officer in the proper court." *Id.* art. 12.07 (West 2005). An information is regarded as having been presented to the court when it is delivered to the county clerk's office. *Todd v. State*, 911 S.W.2d 807, 811 (Tex. App.—El Paso 1995, no pet.); *Queen v. State*, 701 S.W.2d 314, 315–16 (Tex. App.—Austin 1985, pet. ref'd).

Appellant contends that the information shows, on its face, that it was not presented to the trial court within the two-year limitations period and that, therefore, prosecution for the offense was barred by the statute of limitations. Appellant also contends that the information was not presented to the trial court until November 19, 1992, the date that he pleaded guilty to the offense. However, the record shows that the information and complaint were file-marked by an Ector County deputy clerk on March 4, 1988, which was only six days after appellant was arrested for driving while intoxicated. Thus, the evidence shows that the information was presented to the trial court within the two-year limitations period. *Todd*, 911 S.W.2d at 811; *Queen*, 710 S.W.2d at 315–16. Accordingly, prosecution for the offense was not barred by the statute of limitations. The State did not proceed to trial on a fundamentally defective charging instrument. Appellant has not shown that there was a jurisdictional defect in the trial court that rendered the trial court's judgment void. Nor has he shown that a denial of his fundamental or constitutional rights occurred. Therefore, we conclude that the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus. Appellant's issue on appeal is overruled.

The order of the trial court is affirmed.


TERRY McCALL
JUSTICE

August 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.