WR-83,185-10
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/20/2015 4:53:47 PM
Accepted 11/23/2015 8:08:13 AM
ABEL ACOSTA
CLERK

CAUSE NO. 20462-HC-4, et al.

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | | |
| ORIAN LEE SCOTT | § | LAMAR COUNTY, TEXAS ACOSTA, CLERK |
| | § | 6TH JUDICIAL DISTRICT |

**APPLICANT'S OBJECTIONS TO TRIAL COURT'S**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Comes now the Applicant, Orian Lee Scott, by and through his attorney of record, Allison Secrest, and pursuant to T.R.A.P 73.4(b)(2), files the following objections to the trial court's Order Approving Findings of Fact and Conclusions of Law, hereafter referred to as "Findings," which were filed on November 3, 2015.

I.

The Applicant previously filed Proposed Findings of Fact and Conclusions of Law as to Application for Writ of Habeas Corpus, hereinafter referred to as "Proposed Findings" or "Proposed Conclusions." Reference will be made throughout these objections to Applicant's proposed findings of fact and conclusions of law which, it is respectfully submitted, are fully supported by the record and more accurately describe what happened at trial and ultimately result in the conclusion that the granting of relief in this matter should have been recommended by the trial court. The trial court failed to consider Applicant's Proposed Findings of Facts and

1

Conclusions of Law in deciding that Applicant's writs of habeas corpus should be denied without the need for a hearing. See Findings at page 18 of the Supplemental Clerk's Record. Objection is lodged to the trial court not considering them, for summarily agreeing to the State's "Proposed Findings", hereafter referred to as "State's Proposed Findings" and for not adopting all of the proposed findings submitted by the Applicant to the trial court for its consideration.

## II.

Trial Court's Findings:

2 -4. Objection is lodged to the trial court's findings that the sentences had discharged for the possession of child pornography, sentences for sexual performance of a child, and that "no other" sentences were discharged as of November 24, 2014, according to the September 8, 2015 affidavit of Charley Valdez.[1] The fact that the Applicant is no longer in prison is not relevant because he is still being confined and restrained unlawfully. The Applicant is on parole and must register for the rest of his life as a registered sex offender. He is not allowed to leave the State, nor can he leave his assisted living home for a single night. The Applicant must comply with the rules of parole, including having to wear a GPS monitor. To be entitled to habeas corpus relief, an applicant must establish that he was either "confined" or "restrained" unlawfully at the time that the application was filed. See Dahesh v. State, 51 S.W.3d 300, 302 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). "The terms "confinement" and "restraint" encompass incarceration, release on bail or bond, release on community supervision or parole, or any other restraint on personal liberty." Ex parte Davis, 748 S.W.2d 555, 557 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd).

---

[1] Charley Valdez is employed as the Program Supervisor for the Classification and Records Department of the Texas Department of Criminal Justice Institutions Division.

It has been consistently held that a conviction producing collateral legal consequences may entitle one to relief even though he has been discharged from confinement on that conviction. To condition his entitlement to relief upon another conviction and confinement and then invocation of Article 11.07 is to deny constitutional protection against "restraint in his liberty" short of confinement. That an applicant is not in the actual physical custody of the government at the time of filing does not preclude his application nor deprive the trial court of jurisdiction to consider it.12 *Ex parte Harrington*, 310 S.W.3d 452 (Tex.Crim. App. 2010). It is of no effect that the Applicant is no longer confined to the custody of the Texas Department of Criminal Justice because he is still being confined unlawfully by numerous collateral consequences stemming from these convictions.

5(a). Objection is lodged to the trial court's finding that John Nix rendered effective assistance of counsel to the applicant. As has been previously argued in the Legal Memorandum and Brief in Support of Application for Writ of Habeas Corpus, and as will be further addressed herein, there is no viable strategy in failing to lodge timely, specific objections to egregiously improper jury arguments made by the prosecutor. Despite knowing that the Applicant did not have any criminal history whatsoever, the prosecutor argued that he had abused other boys and just had not gotten caught, arguing "[i]s a person like Applicant going to move from town to town to town to town after he has been convicted? No. Once he's caught or once suspected, he moves to another town." (RR 3, 27). (Emphasis added).

Mr. Nix failed to object to this outrageously false and misleading statement. He also failed to object to the prosecutors argument that Applicant abused children when he was working as a school teacher, "[h] has moved from state to state to state to state to state. He also worked as a teacher. You heard him tell the boys that. That ought to scare the daylights out of you. How many victims, how long of a trail of victims, has he left?" (RR 4, 21).

In his affidavit, John Nix stated that he "may not have objected because

3

it might have drawn the jury's particular attention to the argument." But this does not countenance a strategy of not preserving error on appeal especially in a very serious case like this one. Without lodging a timely, specific objection and obtaining a ruling on the same, not only was error not preserved but no curative instruction was provided to the jury by the trial court. The fact that the evidence at the *guilt/innocence* phase was strong does not address harm/prejudice at the punishment phase of the proceedings due to the unobjected to argument of the prosecutor. It is common knowledge that lack of remorse or empathy on the part of a defendant *aggravates* a sentence. Especially on the heels of not putting on any defense in mitigation of punishment, the comments served to prejudice the applicant at the punishment phase of the trial. The arguments were "extreme" and manifestly improper. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Pointing out that Applicant did not call any witness to testify on his behalf the prosecutor argued:

> [Q]uite frankly, what's most telling of all about his character is who has come here to testify and tell you what a good person he is? If he was really a saint, where are those people? Where is a former principle [sic], where is a former neighbor, where is anybody to come and tell you something about him? They are not here. That speaks volumes as to this man's character. That speaks volumes to the trail of victims that he's left behind, and you know that to be true.

(RR 4, 21).

5(b).   During their closing argument in the punishment phase, the prosecutor went outside of the record and argued that the Applicant was a sexual predator who would have sexually assaulted the complainants, " he was a pervert and has been a pervert all of his life. That's what he is ... now think about what would have happened if this had continued on. There is no question that the boys would have been sexually assaulted." (RR 4, 33). Judge Lovett commented in front of the jury that the prosecutor's arguments were "a fair assumption based upon the

4

record." (RR 4, 34). In his affidavit, John Nix stated that was not ineffective for failing to object to the trial court's comments about Mr. Scott because "that comment was attributed to Judge Lovett, who died on September 29, 2011." Without lodging a timely, specific objection and obtaining a ruling on the same, not only was error not preserved but no curative instruction was provided to the jury by the trial court. Objection is lodged to the trial court finding that John Nix's failure to object to the trial judge's unfair comments "that the prosecutor's arguments were a fair assumption based on evidence" was reasonable.

5(c).   Objection is lodged to the trial court's finding that it was reasonable for John Nix to fail to put on a mitigation case at punishment especially based on the facts herein. There was no defense strategy of not calling any family members who were willing and available who could have testified that throughout the applicant's life he had been a law abiding, wonderful brother, was caring, loving, generous, hard working and had achieved great success as a school teacher and mentor in all of the communities where he served.

Arguing that he anticipated that the State would call the complainants to testify and that their testimony would be painful for the jury to hear and he felt that his client's behavior was "repulsive" does not constitute a reasonable trial strategy for not putting on readily available mitigating evidence. The jury was deprived of considering the testimony from able and sympathetic witnesses as to positive character attributes that were highly relevant to a fair determination of a sentence in this case. The jury had already been thoroughly saturated with the nature of the crime. What they knew very little about was the good character and worth of the applicant.

The trial court failed to consider that "[t]he sentencing stage of any case, regardless of the potential punishment, is 'the time at which for many defendants the most important services of the entire proceeding can be performed." *Vela v. Estelle,* 708 F.2d 954, 964 (5th Cir. 1983). In light of the facts in this case that the underage boys were improperly filmed while taking a shower and that the video tapes of the boys masturbating in the shower were kept by Mr. Scott, the jury desperately needed to

hear readily available testimony from a host of good character witnesses who could have provided a far different perspective on the character, worth, background, and positive attributes of this defendant in assessing a fair and just sentence. There simply was no down side in presenting the kind of evidence which is reflected in Appendice C- E. (*See* Proposed Conclusion, No. 50). The failure to put on a case in mitigation; on behalf of the applicant was not reasonably likely to render reasonably effective assistance; moreover, there is a reasonable probability that a less severe sentence would have been assessed in this case in the absence of defense counsels' deficient performance.

5(d). Objection is lodged to the trial court's finding that it was reasonable for the defense not to object to the stacking of sentences for100 years in the Texas Department of Criminal Justice on the basis of cruel and unusual punishment because, as the State argues, an objection would have been futile and was in the discretion of the trial court. Quite to the contrary, defense counsel owed their client the fidelity of protecting him from egregious error being committed. Even if trial counsel was of the view that an objection would have been futile, it was strictly incumbent upon him to attempt to preserve the matter for appeal. *Frangias v. State,* 392 S.W.2d 642, 656 (Tex. Crim. App. 2013). This omission cannot be based on a strategy or tactical decision. Courts cannot excuse "unreasonable decisions parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all." *Moore v. Johnson,* 194 F.3d 586 (5th Cir. 1999).

5(e). Objection is lodged to the trial court's finding that there were "non-errors on Nix's part (which) could not cause error in their cumulative effect." While rare, the "cumulative effect of several instances may require reversal, even though no single one considered alone would warrant such a result. *United States v. Canales,* 744 F2d. 413, 430 (5th Cir.1984). See *Derden v. McNeel,* 978 F.2d 1453, 1458 (5th Cir.1992) (en banc) (holding that claim of cumulative error does not entitle state prisoner to habeas corpus relieve unless claim of cumulative error refers to errors, rather than mere unfavorable rulings or events, and the errors more likely than not caused a suspect verdict), *cert. denied,* 508 U.S.

960, 11 S.Ct. 2928, 124 L.Ed.2d 679 (1993). Applicant was denied the effective assistance of counsel by all of the instances where his attorney failed to object to the improper and egregious final arguments made by the prosecutors, for failing to object to the judge improperly commenting on the evidence in front of the jury, for his attorney's failure to call a single witness or put forth any favorable evidence in mitigation of a less severe punishment during the punishment phase of the trial, and for failing to object to the 100 year sentence that Applicant received. All of these instances of ineffective assistance of counsel cumulatively infected the trial with unfairness having a prejudicial impact on Applicant and denied him the right to a fair trial.

6. Objection is lodged to the trial court's finding that at all times material to the State's prosecution that John Nix rendered effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court held that in order to establish ineffective assistance of counsel, a convicted defendant must show: (1) that his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel, and (2) that the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial, "a trial whose result is reliable." *Id.* 466 U.S. at 687, 104 S. Ct. at 2064. Although the entire representation must be reviewed, "the right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial." *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 2649-2650, 91 L. Ed. 2d 397 (1986), *citing United States v. Cronic*, 466 U.S. 648, 657, n.20, 104 S. Ct. 2039, 2046, n.20, 80 L. Ed. 2d 657 (1984).

Mr. Nix should have objected to each of the numerous false and meritless arguments that the State made during their final argument which were obviously calculated to incite and anger the jury before they retired to consider Applicant's sentence. Even one instance of deficient performance by trial counsel that results in prejudice to his client can amount to ineffective assistance of counsel but here Mr. Nix committed several errors of omissions by failing to object.

7

Why Mr. Nix failed to object to the State's appalling argument that Applicant had moved around the country after abusing children in order to avoid police detection is beyond comprehension. He did nothing to combat the State's supposition that not only was Applicant a bad man for having done the acts that the jury had just found him guilty of but that he also committed countless extraneous acts that were never even alleged, much less proven, beyond a reasonable doubt. By failing to object and ask for an instruction to disregard and then moving for a mistrial, in these circumstances, cannot be mistaken as a "strategy" because it afforded no advantage to Applicant (refusing to indulge presumption of reasonableness as to "tactical" decision that afforded no advantage to the defense). *Strickland*, 104 S.Ct. at 2066. Because of this, there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

7.    Objection is lodged to the trial court's finding that the performance of Scott's trial counsel was not deficient and should have found that this deficient performance caused prejudice to Mr. Scott. With respect to the burden of showing prejudice, it is clearly less than a preponderance of evidence. As the Fifth Circuit has held,

> [B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Strickland*, 466 U.S. at 698, 104 S. Ct. at 2070. We ask if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. *Strickland* explained that "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.*

*Belyeu v. Scott*, 67 F.3d 535, 540 (5th Cir. 1995) (emphasis added). The record established that there was a reasonable probability that the petitioner's sentence would have been significantly less severe had

8

defense counsel presented the favorable mitigating evidence to the jury

Applicant had never been in any legal trouble and was eligible for probation but received the maximum possible punishment on each and every count. The facts of this case were bad but tempered by Applicant's outstanding work history and commitment to serving his community as a well-respected teacher for decades, coupled with the reality that Applicant had no criminal history and had never so much as been accused of anything illegal prior to these charges. The jury decided his fate in a vacuum. There was a wealth of favorable character evidence that could have been offered by defense counsel from the un-called character witnesses and the jury did not get to consider any of this mitigating evidence when they ultimately decided to sentence Applicant to the maximum sentence on each and every charge. Unlike in *Strickland*, Applicant did not even touch the boys, much less commit murder. What Applicant did was not excusable but there can be no doubt that he was prejudiced by trial counsel's deficient performance when the sentence that the jury recommended amounted to a life sentence and was one that did not fit the crimes that were *actually* committed.

8. Objection is lodged to the trial court's finding that the applicant's writs of habeas corpus should be denied.

Respectfully submitted,

*Allison Secrest*

**ALLISON SECREST**
**ALLISON SECREST., P.C.**
State Bar No. 24054622
808 Travis Street, 24th Floor
Houston, Texas 77002
(713) 222-1212
(713) 650-1602 (FAX)
Email: allison@allisonsecrestlaw.com

9

Attorney for Applicant,
**ORIAN LEE SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Applicant's

Objections to Trial Court's Findings of Fact and Conclusions of Law was mailed by

certified mail to Mr. Gary Young, District Attorney, 119 North Main Street, Paris,

Texas, 75460 on this 20th day November, 2015.

_____
**ALLISON SECREST**