**Opinion issued October 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00761-CR**

**NO. 01-16-00762-CR**

————————————

**IN RE ANTHONY LANCE JONES, Relator**

---

**Original Proceedings on Petitions for Writ of Habeas Corpus[1]**

---

## MEMORANDUM OPINION

Relator, Anthony Lance Jones, proceeding *pro se* and incarcerated, has filed a letter-motion requesting relief through an application for writ of habeas corpus in the underlying proceedings.[2] Relator contends that he is "being unlawfully

---

1      Appellate cause no. 01-16-00761-CR; trial court cause no. 1494533.
        Appellate cause no. 01-16-00762-CR; trial court cause no. 1510039.

2      Although relator's petition does not identify the underlying cause numbers, because he identifies the trial court as the 232nd District Court, the underlying causes appear

detained/restrained" because of improper time credits on his two one-year county jail concurrent misdemeanor sentences and ineffective assistance of counsel.

The Texas Government Code provides that a court of appeals "may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2016). Thus, the original jurisdiction of a court of appeals to issue habeas relief is limited to cases in which the person's liberty is restrained due to violation of an order, judgment or decree entered in a *civil* case. *See id.* In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *See Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also Dahesh v. State*, 51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (noting that when appellant challenges trial court's denial of habeas relief sought in misdemeanor conviction, appeal is properly directed to intermediate court of appeals).

---

to be *The State of Texas v. Anthony Lance Jones*, Cause Nos. 1494533 and 1510039, 232nd District Court, Harris County, Texas, The Honorable Mary Lou Keel, presiding. This Court recently dismissed for want of jurisdiction related direct appeals by relator. *See Jones v. State*, Nos. 01–16–00608–CR and 01–16–00609–CR, 2016 WL 5400323, at *1 (Tex. App.—Houston [1st Dist.] Sept. 27, 2016, no pet. h.) (per curiam) (mem. op., not designated for publication).

Original jurisdiction to grant a writ of habeas corpus in a criminal case arising from a misdemeanor charge is vested in the county judge where the misdemeanor was committed. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West Supp. 2016) (stating that "[i]f a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed. . . ."). Therefore, this Court lacks jurisdiction to consider relator's petitions requesting habeas corpus relief.

Accordingly, we dismiss relator's habeas corpus petitions for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).