**Ex parte Eric Brian SCHMIDT,
Appellant.**

**Nos. 1104–99, 1105–99.**

Court of Criminal Appeals of Texas,
En Banc.

July 2, 2003.

Henry L. Burkholder, III, Houston, for Appellant.

Carmen Castillo Mitchell, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

■ We are asked in this case to decide whether Article 11.09 of the Code of Criminal Procedure limits the jurisdiction of the county court to issue the writ of habeas corpus to cases in which the applicant is confined. We hold that it does not.

■ The appellant filed two applications for a writ of habeas corpus on September 3, 1997 in county criminal courts at law. Each challenged a prior misdemeanor DWI conviction. In the applications, he alleges that he was denied both the right to counsel and the right to a jury trial when he pleaded guilty in the prior cases. The appellant argues that he is under continuing restraint for jurisdictional purposes because the State has sought enhanced punishment in a state-jail felony prosecution based on those convictions.

The Fourteenth Court of Appeals, in identical opinions, dismissed his applications for want of jurisdiction because the appellant was not "confined" as required by Article 11.09 of the Code of Criminal Procedure, which reads, "If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody." [1]

■ At the threshold is the question whether an applicant's not being restrained within the meaning of the habeas corpus statutes would leave the court of appeals without jurisdiction of an appeal from the denial of habeas corpus relief. When a trial court unquestionably had jurisdiction to issue the writ of habeas corpus, we have held that the denial of relief could be appealed.[2] The cases that are now

---

1. *See Schmidt v. State,* No. 14–97–01116–CR, 1999 Tex.App. LEXIS 1850 (Tex.App.-Houston [14th Dist.] March 18, 1999) (not designated for publication), at 2; *Schmidt v. State,* No. 14–97–01398–CR, 1999 Tex.App. LEXIS 3266 (Tex.App.-Houston [14th Dist.] April 1, 1999) (not designated for publication) at 2. The court of appeals should have styled its opinions "Ex parte Schmidt," because these appeals are in habeas corpus proceedings. *See Ex parte Rhodes,* 974 S.W.2d 735, 736 n. 1 (Tex.Cr.App.1998).

2. *See Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Cr.App.1988); *Ex parte Hargett,* 819 S.W.2d 866, 867 (Tex.Cr.App.1991); *Ex parte Trillo,* 540 S.W.2d 728, 732 n. 5 (Tex.Cr.App. 1976).

before us are different, in that the same reason that the Court of Appeals held to leave it without jurisdiction would also leave the trial court without jurisdiction. But we think the jurisdiction for appeal would be the same; if the trial court denies habeas corpus relief, the court of appeals has appellate jurisdiction of (at least) the issue of the trial court's jurisdiction. We shall not remand these cases so that the Court of Appeals could decide the issue of the trial court's jurisdiction, because we read its opinions as having already decided that the trial court lacked jurisdiction.

The Court of Appeals decided these cases in accordance with one of its prior decisions.

> A plain reading of article 11.09 suggests that one must be "confined on a charge of misdemeanor" before an application for habeas corpus relief may be made. Thus, just as with 11.07, an application for habeas corpus relief will not lie under article 11.09 unless the applicant is "confined" pursuant to a commitment for a misdemeanor conviction. *Ex parte Oyedo*, 939 S.W.2d 785, 786 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd).[3]

This holding is contrary to another court of appeals' decision of the same question.[4] We granted discretionary review to resolve the split between the courts of appeals.

■ In Article V of the Texas Constitution, the people have given some courts jurisdiction to issue the writ of habeas corpus. Section 5 of Article V says,"Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus." Section 8 says, "District Court jurisdiction consists of exclusive, appellate, and general jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." This gives the district court "plenary" power to issue the writ of habeas corpus.[5]

The habeas corpus jurisdiction of the statutory county court, on which the cases now before us depend, is somewhat harder to seek. "A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts"[6] (which are often called "constitutional county courts," to further distinguish them from statutory county courts).

As to the jurisdiction of county courts, the Constitution was clear for over a century. Article V, section 16 had provided that "the County Court, or judge thereof, shall have power ... to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the County Court, or any other Court or tribunal inferior to said Court."[7] That section

---

3. *See Schmidt*, No. 14–97–01116–CR, *supra* note 1, at 2; *Schmidt*, No. 14–97–01398–CR, *supra* note 1, at 2.

4. *See Ex parte Davis*, 748 S.W.2d 555, 557 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd).

5. *See Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex.Cr.App.1991) (describing the writ power of the district courts).

6. Tex. Gov't Code § 25.0003(a). Not significantly different is the specific provision for a county criminal court of Harris County, which "has the criminal jurisdiction provided by law for county courts and appellate jurisdiction in appeals of criminal cases from justice courts and municipal courts in the county, but no other jurisdiction." *Id.*, § 25.1033(a).

7. *See* Senate Joint Resolution 14, § 5, 69th Leg., R.S., 1973 Tex. Gen. Laws 3355, 3358 (showing existing text and proposed amendment).

of the Constitution was amended on November 5, 1985, to say simply, "The County Court has jurisdiction as provided by law." This has complicated the analysis.

The general law of habeas-corpus jurisdiction for the county court is in a section of the Government Code that says, "A county court may issue a writ of habeas corpus in any case in which the constitution has not conferred the power on the district courts." [8] This section was enacted in 1985 along with the rest of Title 2 of the Government Code.[9] If that statute were considered alone, it would give the county court jurisdiction of no case of habeas corpus, under this syllogism: The statute includes only cases in which the Constitution has not conferred the power on the district courts; the Constitution says that exclusive, original jurisdiction of all actions, proceedings, and remedies (which certainly includes the writ of habeas corpus) is in the district court unless conferred by law on another court; therefore there is no case of habeas corpus that is included by the statute.[10] But other laws confer habeas-corpus jurisdiction on the county court.

Article 11.05 of the Code of Criminal Procedure says, "The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty to grant the writ under the rules prescribed by law." Other articles of the code also include the county court.[11] These statutes provide specifical-

ly for the writ of habeas corpus in criminal cases, and for that reason they should be given more weight in a habeas-corpus case than the general statute of jurisdiction in the Government Code.

Our conclusion that the Government Code should not be read to deprive the county court of jurisdiction of habeas-corpus cases is agreeable with the caption of the bill that contained it, which described it as, "An Act relating to adoption of a nonsubstantive revision of the statutes relating to the judiciary; making conforming amendments and repeals and including penalties." [12] This caption would not support a conclusion that the act was intended to change the county court's jurisdiction.

We are also mindful of the statute that commands, "Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." [13]

When they are read together, Article V, section 16 of the Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law, and the judges of that court, the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor.

We hold that the Fourteenth Court of Appeals' interpretation of Article 11.09 in this appellant's cases, and in *Ex parte*

---

8. *Id.*, § 26.047(a).

9. Act of June 12, 1985, 69th Leg., R.S., ch. 408, § 1, sec. 26.047(a), 1985 Tex. Gen. Laws 1720, 1800.

10. *See* GEORGE E. DIX & ROBERT O. DAWSON, 43B TEXAS PRACTICE-CRIMINAL PRACTICE AND PROCEDURE § 47.13 (2d ed.2001).

11. *See* TEX.CODE CRIM. PROC. art. 11.09 ("If a person is confined on a charge of misdemean-

or, he may apply to the county judge ..."); *id.*, art. 11.16 ("A judge of the district or county court ... may ... issue the writ of habeas corpus ...").

12. Act of June 12, 1985, 69th Leg., R.S., ch. 480, 1985 Tex. Gen. Laws 1720, 1720.

13. TEX.CODE CRIM. PROC. art. 11.04.

*Oyedo,* 939 S.W.2d 785 (Tex. Cr.App.-Houston [14th Dist.] 1997, pet. ref'd), is incorrect. Therefore the judgments in the appellant's habeas-corpus cases are reversed, and the cases are remanded to the Court of Appeals for action consistent with this opinion.

KEASLER, J., filed a dissenting opinion, in which KELLER, P.J., and HERVEY, J., joined.

KEASLER, J., filed this dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

The majority decides issues not before the Court. I respectfully dissent.

In unpublished opinions, the Court of Appeals held that it lacked jurisdiction to consider the merits of Schmidt's arguments.[1] Before reaching this conclusion, the Court of Appeals addressed whether the trial court had jurisdiction over the writ applications.[2] In his petitions for discretionary review, Schmidt raises a single ground for review that contests neither of these conclusions. He claims that "the trial court committed reversible error in failing to grant habeas corpus relief, where the record shows that [Schmidt] did not knowingly and intelligently waive his federal constitutional right to trial by jury [in the relevant cause numbers]." Schmidt's briefs to this Court repeat this contention. But the Court of Appeals did not even reach this question.

The majority looks beyond Schmidt's ground for review to decide whether a trial court has jurisdiction over an Art. 11.09 writ application when the applicant alleges restraint but not confinement. In addition, the Court decides that county courts do in fact have jurisdiction over habeas applications. Neither of these issues is before the Court.

I would dismiss this case as improvidently granted. Because the Court does not do so, I respectfully dissent.

---

1. *Schmidt v. State,* No. 14–97–01116–CR (Tex. App.-Houston [14th Dist.] March 18, 1999) (not designated for publication); *Schmidt v. State,* No. 14–97–01398–CR (Tex.App.-Hous-ton [14th Dist.] April 1, 1999) (not designated for publication).

