Affirmed
and Opinion filed August 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00582-CR

NO. 14-08-00583-CR

____________

 

PHUONG ANH THI LE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 3

Harris County, Texas

Trial Court Cause Nos.  1523127
& 1523602

 



 

O P I N I O N

Phuong Anh Thi Le appeals the trial court=s denial of her
applications for writs of habeas corpus.  Ms. Le contends that her current
detention and threatened deportation are based upon two unlawful convictions
for theft.  We affirm.








The record in this case is not
well-developed.  Le, a Vietnamese immigrant, is a registered alien.  From her
applications we gather that in 2002, Le pleaded Aguilty@ to one count of
Class A misdemeanor theft.  The circumstances surrounding this plea are in
dispute, but Le did not appeal the conviction.  In 2003, Le pleaded Aguilty@ to one count of
Class B misdemeanor theft.  Once again, the circumstances surrounding this plea
are unclear, but Le again did not appeal the conviction.  

On April 25, 2008, Le filed two
applications for writs of habeas corpusCone for each prior
conviction.  One was filed in Harris County Criminal Court at Law No. 1 and the
other was filed in Harris County Criminal Court at Law No. 3.  According to the
affidavit accompanying Le=s applications for writs of habeas corpus,
United States Immigration and Customs Enforcement (AICE@) took her into
custody after the second conviction and informed her that her two prior
convictions were deportable offenses.  Le states in her affidavit that she
remains in the custody of ICE, and it is from this custody that she seeks
relief through her applications for writs of habeas corpus. 

On April 30, 2008, Judge Reagan Cartwright
Helm of County Criminal Court No. 1 granted the writ filed in that court and
ordered the Harris County Sheriff to produce Le in court on May 5, 2008.  On
May 1, 2008, Harris County Sheriff Tommy B. Thomas filed a return of the writ
stating that Le was not in his custody.  That same day, Judge Helm signed an
order transferring Le=s case to County Criminal Court at Law No.
3.  On May 27, 2008, Judge Donald W. Jackson of that court signed orders
denying both of Le=s writs of habeas corpus.  It is from
Judge Jackson=s denials that Le appeals.  

Le contends that the trial court erred in
denying her writs because her present detention resulted from both the
ineffective assistance of her trial counsel as well as one trial judge=s failure to
properly admonish her in relation to her plea.  








As a preliminary matter, we must decide
whether this court may consider the habeas-corpus appeal of an applicant
detained, not by the State of Texas, but by the federal governmentCin this case,
ICE.  If a trial court
denies relief on the merits, an appellate court has appellate jurisdiction,
even if only to determine whether the trial court had jurisdiction.  See Ex
parte Schmidt, 109 S.W.3d 480, 482 (Tex. Crim. App. 2003).  Because, in
this case, the trial court denied the applications in these cases on the
merits, we have appellate jurisdiction.

The next question becomes whether the
trial court had jurisdiction to hear Le=s applications for
writs of habeas corpus.  Article
11.09 allows a party who is confined on a misdemeanor charge to apply for
habeas relief.  Tex. Code Crim. Proc. Ann.
art. 11.09 (Vernon 2005).  The term Aconfined@ is defined in article 11.21:

The words Aconfined@, Aimprisoned@, Ain custody@, Aconfinement@, Aimprisonment@, refer not only to the actual,
corporeal and forcible detention of a person, but likewise to any coercive
measures by threats, menaces or the fear of injury, whereby one person
exercises a control over the person of another, and detains him within certain
limits. 

Tex. Code Crim. Proc. Ann. art. 11.21 (Vernon 2005).  The First Court of
Appeals has read this requirement broadly to encompass Aincarceration, release on bail or
bond, release on probation or parole, or any other restraint on >personal liberty.=@  Ex parte Davis, 748 S.W.2d
555, 557 (Tex. App.BHouston [1st Dist.] 1988, pet. ref=d).  The Court of Criminal Appeals
agrees that the term Aconfined@ in article 11.09 does not require actual commitment and that
the lack of confinement does not deprive the trial court of habeas
jurisdiction.  See Schmidt, 109 S.W.3d at 482B83. 








In State v. Collazzo, the First
Court further defined this standard to include a defendant who is Ano longer
confined, but is subject to collateral legal consequences resulting from the
conviction.@  264 S.W.3d 121, 125B26 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d).  The applicant in Collazzo pleaded
Aguilty@ to the Class A
misdemeanor  offense of burglary of a motor vehicle in 1998, had his sentence
suspended, and was placed on community supervision for two years.  Id.
at 124.  After Collazzo successfully completed his community-supervision
period, the trial court allowed him to withdraw his plea, and dismissed the
complaint and information.  Id.  Several years later, the Texas
Commission on Law Enforcement Officer Standards and Education ordered Collazzo=s expulsion from a
law-enforcement training program because, by having a prior conviction for
burglary of a motor vehicle, he failed to meet the minimum standards for
admission into the program and for obtaining a Texas peace officer=s license.  Id.
at 125.  Appellee sought relief by filing an application for writ of habeas
corpus, alleging that he suffered unlawful, illegal restraint from an
unforeseeable legal disability and consequence of his Aguilty@ plea.  Id. 
Further, Collazzo alleged that he did not understand the consequences of his
plea and it was thereby rendered involuntary.  Id.  The  trial court
granted Collazzo=s application, and the State appealed that
action.  Id.  On appeal, the First Court held that Collazzo was Aconfined@ for the purpose
article 11.09 because he had been denied the opportunity to obtain a Texas
peace officer=s license.  Id. at 126B27.  Further, the
court went on to say, A[T]he fact that appellee is not physically
confined does not preclude his application or deprive the trial court of
jurisdiction to consider it.@  Id. at 126.








Under the reasoning presented in Collazzo,
the fact that Le is not presently held in the custody of the State of Texas
does not deprive a Texas trial court of jurisdiction over her habeas
applications as long as she faces Acollateral legal
consequences@ resulting from her Texas misdemeanor convictions.  See
id. at 126B27.  Le=s applications and
accompanying affidavit allege that her present ICE detention and potential
deportation are based solely on her Texas misdemeanor convictions.  Therefore,
Judge Jackson=s court had jurisdiction to consider Le=s applications.[1] 
Although a state district court may not have the authority to order Le=s release from
federal custody,[2]
a state court may address a habeas challenge to Le=s convictions on
the ground that she received ineffective assistance of counsel.  See
Thompson v. State, 9 S.W.3d 808, 813B14 (Tex. Crim.
App. 1999) (record on direct appeal is usually undeveloped and does not
adequately reflect failings of trial counsel); Ex parte Okere, 56 S.W.3d
846, 855 (Tex. App.CFort Worth 2001, pet. ref=d) (writ of habeas
corpus is preferred vehicle for ineffective assistance claims). 

Having found that the trial court had
jurisdiction to consider Le=s applications, we now turn to our review
of that court=s judgments.  The decision to grant or deny an
application for writ of habeas corpus is one within the trial court=s discretion and
may be overturned only if the appellate court finds the trial court abused its
discretion.  See Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.
2006).  In reviewing the trial court=s ruling, we view
the evidence in the light most favorable to the trial court's ruling.  Ex
parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), overruled on
other grounds, 219 S.W.3d 335 (Tex. Crim. App. 2007).  The reviewing court
must defer to all of the trial court=s implied factual
findings supported by the record.  Ex parte Wheeler, 203 S.W.3d 317, 325B26 (Tex. Crim.
App. 2006).

Le claims that her trial counsel was ineffective for
misinforming her about the plea, failing to translate well or to obtain a
translator, and failing to admonish her regarding possible immigration
consequences.  The affidavit of her trial counsel, John Duong, indicates he
spoke to Le mainly in Vietnamese, that she never requested an interpreter, and
that he fully discussed with her the case, the charges, the range of
punishment, and the consequences of her plea, and that she never expressed a
lack of understanding.  In her affidavit, Le claims Duong told her that if she
pleaded guilty, she could pay court fees and the case would be dismissed.  She
also stated that Duong did not tell her she had a right to go to trial, that
she would be convicted, the sentence, or the consequences of her plea. 








Viewing the evidence in a light most favorable to the trial
court and deferring to the trial court=s implied findings, we must uphold
the trial court=s rulings.  Duong=s affidavit establishes that he did
advise Le of the possible sentence and consequences of a Aguilty@ plea.  Duong=s affidavit supports the trial court=s implied findings that counsel
provided effective assistance, and that Le understood the admonishments and did
not request a translator.  Accordingly, Le was not entitled to relief based on
any failure by her counsel or the trial court to advise appellant of
immigration consequences of her plea.  

For these reasons, we affirm the trial court=s judgments.

 

 

 

 

/s/      Jeffrey
V. Brown

Justice

 

 

 

 

Panel consists of Justices Frost, Brown, and Boyce.

Publish C Tex. R.
App. P. 47.2(b).

 









[1]  Other Texas courts have addressed the question
whether an applicant in immigration custody or subject to deportation may
obtain habeas relief.  See State v. Jimenez, 987 S.W.2d 886 (Tex. Crim.
App. 1999); Meraz v. State, 950 S.W.2d 739 (Tex. App.CEl Paso 1997, no pet.).  These courts reached the
merits without discussing whether the trial court lacked jurisdiction.





[2]  See Ex parte Nguyen, 31 S.W.3d 815, 816B17 (Tex. App.CDallas
2000, no pet.) (state court is not a court of Acompetent jurisdiction@ to order
federal authorities to produce habeas corpus applicant); accord Ex parte
Lopez, No. 05‑00‑00879‑CR, 2000 WL 1839738, at *2 (Tex.
App.CDallas Dec. 15, 2000, no pet.) (not designated for
publication).