# NO. 12-10-00301-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: DANIEL WAYNE WALKER,*<br>*RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

In his "Petition for Writ of Mandamus," Relator Daniel Wayne Walker requests this court to dismiss with prejudice a bail jumping charge pending against him or, alternatively, to set his mandamus petition for "hearing and a change of venue." As grounds for the requested relief, Relator contends in part that the pending felony charge referred to in the bail jumping indictment has been dismissed and therefore he is being wrongfully detained. We dismiss the petition.

**<u>Dismissal of Charge</u>**

Although Relator requests a writ of mandamus, his request for dismissal of the pending bail jumping charge and the supporting allegations indicate that his "Petition for Writ of Mandamus" is in part an application for a pretrial writ of habeas corpus. *See generally **Ex parte Schmidt***, 109 S.W.3d 480 (habeas relief proper where person is unlawfully restrained). However, this court has no original jurisdiction in criminal habeas proceedings. *See* TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004) ("[T]he court of appeals of a court of appeals district in which a person is restrained in his liberty . . . may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a ***civil*** case.") (emphasis added). Therefore, to the extent Relator seeks habeas relief, we are without jurisdiction to consider his petition.

**Change of Venue**

As grounds for his alternative relief, Relator alleges that the trial court judge and the district attorney have a conflict of interest in Relator's case and have fabricated the true bill resulting in the bail jumping indictment. Therefore, he requests that this court conduct a hearing on his mandamus petition and grant a change of venue. Chapter 31 of the Texas Code of Criminal Procedure prescribes the procedure for seeking a change of venue in a criminal case. *See* TEX. CODE CRIM. PROC. ANN. §§ 31.01–.09 (Vernon 2006 & Supp. 2010). Under chapter 31, the trial court, and not the court of appeals, initially determines whether a change of venue is necessary. *See id*. §§ 31.01–.03. Thus, our role in such matters is appellate only. *See generally, e.g.*, **Gonzalez v. State**, 296 S.W.3d 620 (Tex. App.–El Paso 2009, pet. ref'd) (reviewing trial court's denial of appellant's motion for change of venue). The record in this proceeding does not show that the trial court has signed an order denying a change of venue. Consequently, we have no authority to address venue here.

DISPOSITION

Relator has not requested any relief that this court has authority to grant. Accordingly, Relator's "Petition for Writ of Mandamus" is ***dismissed***. All pending motions are overruled as moot.

Opinion delivered September 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2