NO. 12-10-00301-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH COURT
OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

                                                                             '     

IN RE: DANIEL WAYNE WALKER,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     







MEMORANDUM
OPINION

PER
CURIAM

            In his “Petition for
Writ of Mandamus,” Relator Daniel Wayne Walker requests this court to dismiss with
prejudice a bail jumping charge pending against him or, alternatively, to set his
mandamus petition for “hearing and a change of venue.”  As grounds for the
requested relief, Relator contends in part that the pending felony charge
referred to in the bail jumping indictment has been dismissed and therefore he
is being wrongfully detained.  We dismiss the petition.

Dismissal of Charge

            Although Relator requests
a writ of mandamus, his request for dismissal of the pending bail jumping
charge and the supporting allegations indicate that his “Petition for Writ of Mandamus”
is in part an application for a pretrial writ of habeas corpus.  See
generally Ex parte Schmidt, 109 S.W.3d 480 (habeas relief proper where
person is unlawfully restrained).  However, this court has no original
jurisdiction in criminal habeas proceedings.  See Tex. Gov’t Code Ann. § 22.221(d)
(Vernon 2004) (“[T]he court of appeals of a court of appeals district in which
a person is restrained in his liberty . . . may issue a writ of habeas corpus
when it appears that the restraint of liberty is by virtue of an order,
process, or commitment issued by a court or judge because of the violation of
an order, judgment, or decree previously made, rendered, or entered by the
court or judge in a civil case.”) (emphasis added).  Therefore,
to the extent Relator seeks habeas relief, we are without jurisdiction to
consider his petition.

Change of Venue

            As grounds for his
alternative relief, Relator alleges that the trial court judge and the district
attorney have a conflict of interest in Relator’s case and have fabricated the
true bill resulting in the bail jumping indictment.  Therefore, he requests
that this court conduct a hearing on his mandamus petition and grant a change
of venue.  Chapter 31 of the Texas Code of Criminal Procedure prescribes the
procedure for seeking a change of venue in a criminal case.  See Tex. Code Crim. Proc. Ann. §§ 31.01–.09
(Vernon 2006 & Supp. 2010).  Under chapter 31, the trial court, and not the
court of appeals, initially determines whether a change of venue is necessary. 
See id. §§ 31.01–.03.  Thus, our role in such matters is
appellate only.  See generally, e.g., Gonzalez v. State,
296 S.W.3d 620 (Tex. App.–El Paso 2009, pet. ref’d) (reviewing trial court’s
denial of appellant’s motion for change of venue).  The record in this
proceeding does not show that the trial court has signed an order denying a
change of venue.  Consequently, we have no authority to address venue here.

 

Disposition

            Relator has not
requested any relief that this court has authority to grant.  Accordingly,
Relator’s “Petition for Writ of Mandamus” is dismissed.  All
pending motions are overruled as moot.

            Opinion delivered September 30, 2010.

                Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)