IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-76,627-02






TERRY JAMES, Relator


v.


DALLAS COUNTY CRIMINAL COURT OF APPEALS NUMBER 1, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CITY OF DALLAS MUNICIPAL COURT CAUSE NO. J10-06001101 





 Per curiam.


O R D E R



 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends he attempted to file with the Dallas County
Criminal Court of Appeals Number 1 an application for a writ of habeas corpus pursuant to
Article 11.09 of the Texas Code of Criminal Procedure. He states the court would not accept
the filing but directed him to file it with the City of Dallas Municipal Court because that
court was the court of conviction for the Class C misdemeanor at issue. Relator states he did
so but no action was ever taken. He later requested mandamus relief from this Court to direct
the Dallas County Criminal Court of Appeals Number 1 to accept his filing, but leave to file
was denied pursuant to Padilla v. McDaniel, 122 S.W.3d 805 (Tex. Crim. App. 2003)
(holding when an intermediate appellate court and this Court have concurrent, original
jurisdiction over an application for a writ of mandamus, the application must first be
presented to the court of appeals unless there is a compelling reason not to do so). Relator
presented his mandamus application to the Court of Appeals for the Fifth District of Texas,
but leave to file was denied in an unpublished memorandum opinion. In re Terry James, No.
05-11-01343-CV (Tex. App. - Dallas del. Oct. 11, 2011). Relator now seeks mandamus
relief from this Court after complying with Padilla, supra. 

 In these circumstances, additional facts are needed. The respondent, the judge of the
Dallas County Criminal Court of Appeals Number 1, is ordered to file a response. In the
response, the judge shall state whether Relator attempted to file an Article 11.09 habeas
application with the court, and if so, the reason or reasons the filing was not accepted. See
Ex parte Schmidt, 109 S.W.3d 480, 482-83 (Tex. Crim. App. 2003); Tex. Gov't Code §
25.0594(a), (f). If the court has accepted the filing so that the application may be considered
on its merits by the court, the judge shall so state in the response.

 This application for leave to file a writ of mandamus shall be held in abeyance until
the respondent has submitted the appropriate response. Such response shall be submitted
within 30 days of the date of this order.



Filed: January 11, 2012

Do not publish