**Opinion filed July 3, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00134-CR & 11-14-00135-CR

_____

## CHRISTOPHER B. WOOTEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court**
**Howard County, Texas**
**Trial Court Cause Nos. 34,808 & 35,423**

## MEMORANDUM OPINION

In each case, Christopher B. Wooten has filed a pro se notice of appeal. We dismiss the appeals.

The clerk of this court wrote Wooten on May 29, 2014, and informed him that it did not appear that the trial court had entered an appealable order in either case. We requested that Wooten respond on or before June 16, 2014, and show grounds to continue the appeals. Wooten has filed responses, but he has not shown grounds upon which the appeals may continue.

When Wooten filed these appeals, he complained that his applications for writ of habeas corpus had been improperly forwarded to the district clerk for filing. The records on appeal show that Wooten's applications for writ of habeas corpus, in which he seeks relief from two 1986 convictions for misdemeanor driving while intoxicated, have now been filed in the county court. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.09 (West 2005), art. 11.072 (West Supp. 2013). The county court, however, has not yet acted upon Wooten's applications.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). This court has jurisdiction to hear appeals from the grant or denial of an application for writ of habeas corpus sought under Article 11.072 or Article 11.09. *See* CRIM. PROC. art. 11.072, § 8; TEX. R. APP. P. 31; *Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Crim. App. 2008); *Ex parte Schmidt*, 109 S.W.3d 480 (Tex. Crim. App. 2003). Because the time for the State to file a response and for the county court to act upon Wooten's applications had not expired at the time that Wooten filed these appeals and because the county court has not yet acted upon Wooten's applications, we dismiss the appeals. We have no jurisdiction to entertain these appeals until the county court issues an order granting or denying the relief sought in Wooten's applications. *Flores v. State*, 08-10-00063-CR, 2010 WL 1620959 (Tex. App.—El Paso Apr. 22, 2010) (mem. op., not designated for publication) (holding that trial court's refusal to rule on an appellant's application for writ of habeas corpus is not appealable); *see also* CRIM. PROC. art. 11.072, § 8; *Villanueva*, 252 S.W.3d at 396.

The appeals are dismissed for want of jurisdiction.

PER CURIAM

July 3, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.