

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00163-CR

_____

## EX PARTE JUAN CARLOS MOREJON

_____

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 1085-A**

## MEMORANDUM OPINION

In 2009, Juan Carlos Morejon pled guilty to the offense of theft, a class B misdemeanor, was convicted and sentenced to two days in jail, with time served, and was ordered to pay restitution in the amount of $245. In February of 2014, he filed an application for writ of habeas corpus alleging that his guilty plea was involuntary because he pled without the aid of counsel and without knowing the immigration consequences of his plea. After a hearing, the trial court denied Morejon's application. Because the trial court did not abuse its discretion in denying the application based on the doctrine of laches, the trial court's order is affirmed.

JURISDICTION

Initially, the State argues that the trial court had no jurisdiction to hear Morejon's writ application because it was filed pursuant to article 11.09 of the Texas Code of Criminal Procedure which, the State argues, does not confer jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005). However, in *Ex parte Schmidt*, the Court of Criminal Appeals held that the county court at law has the power to issue the writ of habeas corpus when a person is restrained by an accusation *or conviction* of a misdemeanor. *Ex parte Schmidt*, 109 S.W.3d 480, 482-83 (Tex. Crim. App. 2003) (emphasis added). This proposition in *Schmidt* has been recited by the Court of Criminal Appeals within the last few years. *See James v. Dallas County*, No. WR-76,627-02, 2012 Tex. Crim. App. Unpub. LEXIS 876, *2 (Tex. Crim. App. Sept. 12, 2012). And, even though Morejon's application was filed in and denied by a district court, "[b]oth county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions; *see* Article 5, Section 8 of the Constitution of Texas; Articles 11.05 and 11.09, V.A.C.C.P., and petitioners have a right of appeal from an order denying relief." *Ex parte Crosley*, 548 S.W.2d 409 (Tex. Crim. App. 1977). *Accord Schmidt*, 109 S.W.3d at 482 (regarding ability to appeal). Accordingly, the trial court had jurisdiction to hear and decide Morejon's application for writ of habeas corpus.

**STANDARD OF REVIEW**

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's ruling absent an abuse of discretion. *See id*. We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id*. But we review de novo those "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Id*.

**LACHES**

Morejon takes issue with the trial court's finding that Morejon's plea was voluntary, its conclusion that Morejon's claim was barred by laches, and its conclusion that Morejon was not unlawfully restrained. We discuss Morejon's second issue first, that the trial court erred in denying Morejon's habeas claim based on the doctrine of

laches.[1]

The equitable doctrine of laches refers to a party's failure to assert a claim which, along with the lapse of time and other circumstances causing prejudice to the adverse party, bars the claim. *Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013). The doctrine also includes the failure, for an unreasonable and unexplained period of time under circumstances permitting diligence, to do what should have been done. *Id*. The trial court considers the totality of the circumstances, including all forms of prejudice, when deciding whether to apply the doctrine of laches. *Id*. at 208.

Since the decision in *Perez*, the State need not make a particularized showing of prejudice. *Id*. at 215. Rather, the trial court may consider "anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant[.]" *Id*. "[T]he longer a case has been delayed, the more likely it is that the reliability of a retrial has been compromised." *Id*. at 218. This includes "the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Id*. at 216.

It may be proper for a reviewing court to consider, among all relevant circumstances, factors such as the length of the applicant's delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting

---

[1] The State raised the doctrine of laches in response to Morejon's application for writ of habeas corpus, arguing that the delay between Morejon's plea and his writ application was unreasonable.

from the delay. *Id*. at 217. No single factor is necessary or sufficient. *Id*. Instead, courts must "engage in a difficult and sensitive balancing process" that takes into account the parties' overall conduct. *Id*. In considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial. *Id.* If prejudice to the State is shown, a court must then weigh that prejudice against any equitable considerations that militate in favor of granting habeas relief. *Id*.

The degree of proof required is a "sliding scale." *Id*. at 217. That is, the extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay. *Id*. The longer the delay, particularly when the delay exceeds five years after conclusion of direct appeals, the less evidence the State must present to demonstrate prejudice. *Id*. at 215. "[D]elays of more than five years may generally be considered unreasonable in the absence of any justification for the delay." *Id*. at 216 n.12. The delay in this case lacks a month from being five years between the date of the plea and the filing of the application, but it was over seven years after the date of the offense.

*Evidence/Argument*

Morejon pled guilty to the offense on March 2, 2009. The record does not indicate that any appeal was perfected. At the hearing on his application, Morejon

testified that "within the last year,"[2] he consulted with an immigration attorney and discovered that his plea "could" become a problem. He argued to the trial court that his delay was not "active" or "intentional," meaning that as soon as he found out about the potential problem, he began to address it. The State presented testimony that Morejon did not know where the victim of the theft currently lived. Although the District Attorney testified that the documents of the case should still be available, the investigator of the offense no longer worked for Limestone County. Further, the State argued to the trial court that it would be trying to relitigate a misdemeanor theft with a single complaining witness that happened approximately eight years ago and did not have any hope of finding that witness.

*Application*

After hearing testimony and argument, the trial court determined that the delay between the initial offense, the conviction, and the application compromised the reliability of retrial of the offense on the merits. The record supports this determination.

The delay between the plea and the application was almost five years. Morejon's reason for the delay was only his lack of knowledge that the plea "could" become a problem affecting his ability to remain in the country. There was nothing in the record to show that his plea had actually become a problem for him. Further, the State's ability to locate the sole witness to the offense was diminished due to the length of the delay.

---

[2] The application was filed in February of 2014. Thus, we presume Morejon began consulting with an immigration attorney sometime in 2013.

Based on the totality of the circumstances, we find the trial court did not abuse its discretion in applying the equitable doctrine of laches to deny Morejon's application for writ of habeas corpus. Morejon's second issue is overruled.

CONCLUSION

Because we have determined that the trail court did not err in denying Morejon relief based on the equitable doctrine of laches, we need not discuss Morejon's remaining issues—whether the trial court erred in finding Morejon's plea to be voluntary or whether the trial court erred in concluding Morejon was not unlawfully restrained. Accordingly, we affirm the trial court's order denying Morejon's application for writ of habeas corpus.

<br>

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed May 28, 2015
Do not publish
[CR25]

