

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-14-00257-CR**

**EX PARTE BRITTANY KENNER**

_____

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 14-0451-A**

---

## MEMORANDUM OPINION

---

Appellant Brittany Kenner was arrested on June 14, 2014 for the Class C misdemeanor offense of possession of drug paraphernalia and the Class B misdemeanor offense of possession of marijuana and was incarcerated in the Walker County Jail. Kenner alleges that when she was magistrated by a justice of the peace on June 16, a $500 surety bond was set on the Class B offense. She further alleges that the Class C offense required a $500 cash bond, but she was told that she could plead guilty or no contest on the Class C offense, pay a $285 fine instead of posting the $500 cash bond, and be released on that offense. Kenner pleaded no contest and agreed to pay the $285 fine, which she had ten days to pay.

Kenner's attorney contacted the jail and was told that Kenner was being held on two bonds:  a $285 cash bond for the Class C offense and a $500 bond on the Class B offense.  He asserts that he was not told that she had pleaded no contest.  Her attorney paid what he alleges was a $285 cash bond with a money order and arranged the $500 surety bond with a bonding company.

Kenner's attorney alleges that, several weeks later (after the time for filing a motion for new trial or an appeal to county court had passed),[1] he contacted the justice court to learn of Kenner's appearance date on the Class C offense and was told that Kenner had pleaded no contest and that the $285 money order had been used to pay her $285 fine.

Alleging collateral consequences from the Class C conviction, Kenner filed an application for writ of habeas corpus in the County Court at Law of Walker County. Kenner asserted the above allegations and asserted that the magistration process was unconstitutional with respect to the magistrate's offering a $285 fine for a guilty or no-contest plea, versus a $500 cash bond.  Kenner also alleges that her no-contest plea was involuntary:

> It is the contention of the Applicant that her plea of "No Contest" was coerced and involuntary given the circumstances surrounding the plea, the income level of the Applicant, and the fact that Walker County magistrates offer an individual, per long-standing practice and policy, what is essentially a 50% discount to get out of jail if an individual chooses to plea "Guilty" or "No Contest," as opposed to exercising their constitutional rights to plea "Not Guilty."

---

[1] Kenner also asserts that paying the fine mooted her ability to appeal.

The State filed a motion to dismiss the application for want of jurisdiction. After a hearing, the trial court granted the State's motion and suggested that the application should have been filed in justice court. Kenner appeals, asserting in her sole issue that because the county court at law has jurisdiction over a post-conviction habeas application pertaining to a justice court conviction, the trial court erred in dismissing the application. We agree.

First, we note that we find no law that gives justice courts jurisdiction to entertain a post-conviction habeas application. *See* TEX. CONST. art. 5, § 19; TEX. GOV'T CODE ANN. § 27.031 (West Supp. 2014). Next, the Court of Criminal Appeals, after examining all of the relevant constitutional and statutory provisions, has determined that a statutory county court at law has power to issue a post-conviction writ of habeas corpus for misdemeanor convictions:

> When they are read together, Article V, section 16 of the Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law, and the judges of that court, the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor.[2]

*Ex parte Schmidt,* 109 S.W.3d 480, 483 (Tex. Crim. App. 2003); *see also James v. Dallas County Criminal Court of Appeals No. 1,* No. WR-76627-02, 2012 WL 4009443, at 2 (Tex. Crim. App. Sept. 12, 2012) (orig. proceeding) (not designated for publication) (Dallas County Criminal Court of Criminal Appeals had jurisdiction over habeas application arising

---

[2] Article 11.05 provides: "The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law." TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005).

from Class C misdemeanor conviction in municipal court).

Accordingly, the County Court at Law of Walker County has jurisdiction to issue a writ of habeas corpus for a Class C misdemeanor conviction from Justice Court. The trial court erred in granting the State's motion to dismiss for want of jurisdiction. We sustain Kenner's sole issue.

We reverse the county court at law's order dismissing Kenner's application for writ of habeas corpus for want of jurisdiction, and we remand this cause to the county court at law for further proceedings consistent with this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Reversed and remanded
Opinion delivered and filed July 30, 2015
Do not publish
[CR25]

