# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00103-CR

**Ex parte Jeanette Stevens**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 428TH JUDICIAL DISTRICT
NO. 19-0237, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jeanette Stevens seeks to appeal the trial court's order denying her pretrial application for writ of habeas corpus. *See* Tex. Code Crim. Proc. arts. 11.01, 11.05, 11.40. The clerk's record does not contain the required trial-court certification of appellant's right of appeal, *see* Tex. R. App. P. 25.2(a)(d) (requiring record to include trial court's certification). In response to this Court's request for a supplemental clerk's record containing the trial court's certification, the district clerk informed this Court that it "do[es] not have a trial court certification on this case," explaining that this was a habeas proceeding because appellant has not yet been indicted.

The Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2). An order denying a pretrial application seeking habeas corpus relief is an appealable order. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (reaffirming that when trial court has jurisdiction to issue writ of habeas corpus, denial of relief can be appealed);

*Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *1, *2 n.2 (Tex. App.—Austin Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication) (specifying that denial of "pretrial application for writ of habeas corpus" is "an appealable order"); *see, e.g.*, *Ex parte Miller*, No. 03-16-00137-CR, 2016 WL 2942004, at *1 (Tex. App.—Austin May 10, 2016, no pet.) (order & mem. op., not designated for publication) (per curiam) (abating appeal and directing trial court to prepare and file certification of appellant's right of appeal from order denying pretrial habeas corpus relief).

This appeal is therefore abated, and the trial court is directed to prepare and file its certification of appellant's right of appeal from the order denying appellant's pretrial application for writ of habeas corpus as required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 25.2(a)(2), 44.4. A supplemental clerk's record containing the trial court's certification shall be filed with this Court no later than March 21, 2019. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2).

It is so ordered on this the 11th day of March, 2019.


Before Chief Justice Rose, Justices Kelly and Smith

Abated and Remanded

Filed: March 11, 2019

Do Not Publish