**Order filed March 9, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00397-CR
_____

### EX PARTE MARCO ANTONIO CONTRERAS

**On Appeal from County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 2285006**

## ORDER

On December 11, 2020, pursuant to Tex. R. App. P. 37.1, the clerk of this court by letter requested the trial court to file a proper certification of the defendant's right of appeal with the trial court clerk, request the trial court clerk to prepare and certify a supplemental clerk's record containing the certification, and file the supplemental clerk's record with this court withing 15 days of the notice..

On January 6, 2021, the clerk of this court by letter notified the trial court that the supplemental clerk's record had not had not been received and requested that record at the earliest possible date.

On January 25, 2021, the clerk of this court by letter again notified the trial court that the supplemental clerk's record had not been received.

On January 28, 2021, the trial court clerk filed the following in an information sheet:

> __X__      This case is a **WRIT OF HABEUS CORPUS** and a trial certification is not filed in this type of appeal case. This information sheet in is lieu of the request to supplement.

On January 29, 2021, the State filed a letter stating in part:

> This letter is to respectfully disagree with the Clerk's assessment and submit that a trial court's order denying a pretrial application seeking habeas corpus relief is an appealable order which requires the trial court to enter a certification of the defendant's right of appeal. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003) (explaining that, when a trial court has jurisdiction to issue a writ of habeas corpus, the trial court's denial of habeas corpus relief can be appealed); *Ex parte Stevens*, No. 03-19-00103-CR, 2019 WL 1123457, at *1 (Tex. App.—Austin Mar. 11, 2019, no pet.) (mem. op., not designated for publication) ("An order denying a pretrial application seeking habeas corpus relief is an appealable order."); *Ex parte Flores*, 483 S.W.3d 632, 637 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("Pretrial habeas corpus proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins."); *see also* Tex. R. App. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64.").
>
> Accordingly, the trial court is required to certify Appellant's right to appeal the trial court's order denying Appellant's pretrial application for habeas corpus relief in this case and, moreover, the Clerk's Office is required to include that certification in the clerk's appellate record. *See* TEX. R. APP. P. 25.2(d) ("If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2).").

We agree with the State.

On February 4, 2021, we issued an order stating:

>   This accelerated appeal is from an appealable order, specifically the denial of a pretrial application for writ of habeas corpus. Accordingly, the trial court is required to certify appellant's right of appeal. *See* Tex. R. App. P. 25.2(a)(2)). Without a certification, this court is required to dismiss the appeal. *See* Tex. R. App. P. 25.2(d).

>   Accordingly, we direct the trial court to review the record, file a proper certification of the defendant's right of appeal, and have a supplemental clerk's record containing a certification transmitted to our court on or before February 15, 2021.

As of this date, this court has not received a proper certification of defendant's right of appeal. We are obligated to determine whether a certification is defective and take appropriate action. *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

Accordingly, we order the Honorable Franklin Bynum, judge of County Criminal Court at Law No. 8 of Harris County, to review the record, sign and file with the trial court clerk a proper certification of the defendant's right of appeal. We further order the trial court clerk to prepare, certify, and file in this court a supplemental clerk's record containing that certification to this court within 10 days of the date of this order.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Spain and Wilson.