**Order filed July 15, 2021**



### In The

# Eleventh Court of Appeals

_____

## 11-21-00131-CR

_____

## EX PARTE GREG ANTHONY BARRERA III

---

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CV57686/F3210247**

---

### O R D E R

Upon docketing this appeal, it came to the attention of this court that the trial court had not entered a certification of Appellant's right of appeal. The clerk of this court therefore issued a letter pointing out that a Trial Court's Certification of Defendant's Right of Appeal must be entered and filed of record. *See* TEX. R. APP. P. 25.2. The clerk's record, which has now been filed in this cause, contains a certification signed by Appellant and his attorney but not the trial judge. We abate the appeal.

Appellant filed a notice of appeal from an order in which the trial court denied Appellant's application for writ of habeas corpus—by which Appellant sought a

reduction in the amount of bail. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01, .05, .24 (West 2015). The trial court's order denying Appellant's application is an appealable order. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003). Therefore, the trial court was required to enter a certification of Appellant's right of appeal. Rule 25.2(a)(2) provides that the trial court "shall" enter a certification of a defendant's right of appeal each time the trial court enters a judgment of guilt "or other appealable order"—with the exception of an appealable order under Chapter 64 of the Code of Criminal Procedure.[1] This is not a Chapter 64 situation; therefore, the exception to Rule 25.2(a)(2) does not apply. Pursuant to Rule 25.2(a)(2), the trial court is required to enter an appropriate certification of Appellant's right of appeal in this cause. *See Ex parte Stevens*, No. 03-19-00103-CR, 2019 WL 1123457, at *1 (Tex. App.—Austin Mar. 11, 2019, order).

Accordingly, as did the appellate court in *Stevens*, we abate this appeal and direct the trial court to enter and file its certification of Appellant's right of appeal from the order denying Appellant's pretrial application for writ of habeas corpus. The district clerk is directed to prepare and forward to this court a supplemental clerk's record containing the trial court's certification of Appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c)(2). The supplemental clerk's record containing an appropriate certification is due to be filed in this court on or before July 30, 2021.

The appeal is abated.

July 15, 2021 PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Chapter 64 involves postconviction DNA testing. *See* CRIM. PROC. ch. 64 (West 2018).