# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00278-CR

## Ex parte John D. Ferrara

### FROM THE COUNTY COURT AT LAW NO 3 OF HAYS COUNTY, NO. 21-0498-C, JUDGE LINDA RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On June 14, 2021, John D. Ferrara filed a notice of appeal stating he wanted to appeal from the "judgement of the trial court to not dismiss an arrest by felony warrant that has not been filed in Justice Court, but was determined to not be a felony by the Hays County District Attorney's Office and the Travis County Attorney (Pro Tem) and therefore cause 20-2877 (filed in Hays County District Court), was referred to the County Court for relief; per the District Court." It appears from the clerk's record that Ferrara is appealing from the trial court's ruling on his "Application for Pre-Indictment Habeas Corpus Relief / Motion to Dismiss Prosecution," however although the trial court verbally ruled that it would change Ferrara's bond to a personal-recognizance bond but was otherwise denying his requested relief, the record does not indicate that the trial court has signed any judgment or order from which an appeal may be taken. Nor does the clerk's record include the required trial-court certification of Ferrara's right to appeal. *See* Tex. R. App. P. 25.2(a)(d).

The rules of appellate procedure require the trial court to enter a certification of a defendant's right of appeal "each time it enters a judgment of guilt or other appealable order."

*Id.* R. 25.2(a)(2). An order denying a pretrial application for habeas corpus relief is an appealable order. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003); *Ex parte Stevens*, No. 03-19-00103-CR, 2019 WL 1123457, at *1 (Tex. App.—Austin Mar. 11, 2019, no pet.) (order & mem. op., not designated for publication) (per curiam); *see also Ex parte Miller*, No. 03-16-00137-CR, 2016 WL 2942004, at *1 (Tex. App.—Austin May 10, 2016, no pet.) (order & mem. op., not designated for publication) (per curiam) (abating appeal and directing trial court to prepare and file certification of appellant's right of appeal from order denying pretrial habeas corpus relief).

We abate this appeal and direct the trial court to either sign an order ruling on Ferrara's application or to hold a hearing to determine whether a final order was actually entered. The court is also instructed to prepare and file a certification of Ferrara's right of appeal from the order ruling on his pretrial application for writ of habeas corpus as required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 25.2(a)(2), 44.4. A supplemental clerk's record containing the trial court's certification shall be filed with this Court no later than December 13, 2021. *See id.* R. 25.2(d), 34.5(c)(2).

It is so ordered on November 19, 2021.

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: November 19, 2021

Do Not Publish